O. T. BANNARD V. MARY E. DUNCAN ET AL.

FILED JUNE 4, 1902.   No. 11,822.

Commissioner's opinion, Department No. 3.

1. **District Court: INVOKING JURISDICTION: ASSAILING DECREE.** When the jurisdiction of the district court is invoked, either by an action at law, or a suit in equity, its judgment or decree can

not be successfully assailed for want of jurisdiction, on the ground that an issue triable to a jury, was tried to the court.

2. **Vacating Decree:** FINAL ORDER. An order vacating a decree rendered at 'a former term, on the ground that the court had no jurisdiction of the subject-matter, is a final order, within the meaning of section 581 of the Code of Civil Procedure.

3. **Equitable Action:** REVIEW: APPEAL: ERROR. In equitable actions the remedy by appeal is not exclusive, but the final orders or decree rendered therein may be reviewed on error.

4. **Motion for New Trial:** WHEN NOT A PREREQUISITE. Where the correction of the errors complained of involves the reexamination of no issue of fact, a motion for a new trial is not a prerequisite to a review of a final order or judgment on error in this court.

ERROR from the district court for Dakota county.  Tried below before GRAVES, J.  *Reversed.*

*William P. Warner* and *William Milchrist,* for plaintiff in error.

*William E. Gantt, contra.*

ALBERT, C.

The plaintiff filed a petition in the district court which, omitting the formal parts, is as follows:

"Comes now the plaintiff and for cause of action against the defendants states:

"1st. That he is the legal owner, in fee, of the following described real estate situated in Dakota county, Nebraska, to wit: The northwest quarter of section twenty-seven, township twenty-eight, range six east.

"2nd. That on or about January 10, 1899, the defendants wrongfully and unlawfully went into possession of said premises, and still retain the possession thereof, and claim to own said property.

"3rd. More particularly setting forth his cause of action against the defendants the plaintiff states: That he holds title and ownership of said property through a perfect chain of conveyances from the issuance of patent from the United States government to the present time, the last

conveyance being by sheriff's deed based upon a certain mortgage made by the defendants Stephen Cain and Anna Cain to the Fidelity Loan and Trust Company on the 2nd day of December, 1891, and taxes paid under said mortgage, and the foreclosure of said mortgage and taxes so paid, in this court.

"4th. That the defendants Mary E. Duncan, Sarah M. Duncan, Anna B. Duncan and William B. Davis, as guardian of the said Anna B. Duncan, claim to own said premises under and by virtue 'of a certain deed thereto made by one David Brendlinger in the year 1870 to one William Duncan, and under the terms and provisions of a certain last will and testament of the said William Duncan, bequeathing said property to one William W. Duncan, now deceased, who was the father of the said Duncans, defendants herein.

"5th. That neither the said deed nor last will and testament under which the said defendants claim title was ever recorded, or probated, or filed for probate and record, in Dakota county, Nebraska, until long after plaintiff's grantors, and the parties who executed the mortgage above mentioned had acquired title to said premises, and the mortgagee named in said mortgage had acquired its lien thereon, and neither said mortgagee nor its grantors, nor his grantors, had any notice or knowledge, either actual or constructive, of the said defendants' claim of title, or of the said deed or will and testament. That they purchased said premises in good faith for a valuable consideration, with no notice or knowledge of the said defendants' claim of title, or deed or will under which they claimed.

"6th. That the said defendants, Mary E. Duncan, Sarah M. Duncan, Anna B. Duncan and William B. Davis, guardian of the said Anna B. Duncan, nor any or either of them, ever paid the taxes upon said premises, but the same have been paid by plaintiff's immediate grantors for more than twenty years last past.

"7th. That plaintiff's immediate grantors have been in the actual possession of said premises for more than ten

years last past, and paid the taxes thereon without notice or protest from the said defendants.

"8th. That the defendants, Stephen Cain and Anna Cain, are the same parties who made the mortgage upon said premises herein mentioned to the said Fidelity Loan & Trust Company, and were at the time of the making thereof, the owners of said premises. That they lived upon said premises for more than ten years last past. That about the 10th day of January, 1899, above mentioned, confirmation of sale under said mortgage foreclosure, was secured and a deed to said premises was ordered issued to this plaintiff, and the said Stephen and Anna Cain, then realizing that the plaintiff was about to secure possession of said premises by virtue of his sheriff's deed, pretended to surrender possession of said premises to the other defendants herein, under their claim of title above mentioned and took from them a lease for said premises, and now hold or pretend to hold the same by virtue of said lease, and occupy the same as the tenants or pretended tenants of said other named defendants.

"9th. That each and all of said defendants except the said Stephen and Anna Cain are non-residents of the state of Nebraska, and hold the possession of said premises through the said Stephen and Anna Cain as above mentioned.

"That actions at law to try the title to said premises and the right to the possession thereof must necessarily be protracted, and will result in a multiplicity of suits.

"Wherefore the plaintiff prays that his title in and right to the possession of said premises be forever quieted and confirmed against said defendants and each of them and their grantees, and that the said defendants and each of them be forever enjoined from claiming title in and to said premises adverse to that of this plaintiff, and from withholding possession of said premises from the plaintiff, and from occupying the same, and from interfering in any manner with the plaintiff in the free use, occupation and enjoyment of said premises, and for such other and further

orders in said premises and action as may be necessary, and that justice and equity may require.

"Plaintiff further prays that he may recover his costs of said defendants."

Personal service was had on the defendants Stephen Cain and Anna Cain. Service was had on the other defendants by publication. A guardian *ad litem* was appointed for the infant defendants, who filed a general denial. The other defendants made default. At the October term, 1899, the cause was submitted to the court on the petition of the plaintiff, the answer of the guardian *ad litem* and the evidence, on consideration whereof the court found and decreed as follows:

"That the deed mentioned by the plaintiff in his petition, from David Brendlinger to William Duncan, dated September 24, 1870, and under which the defendants now claim title in and to the premises described in plaintiff's petition, to wit: The northwest quarter of section twenty-seven (27), township twenty-eight (28), range six (6) east, in Dakota county, Nebraska, was never filed for record or recorded in the proper office in Dakota county, Nebraska, until January 11, 1898, and that the Fidelity Loan & Trust Company, mentioned by the plaintiff in his petition, to whom the defendants Stephen Cain and Anna Cain gave the mortgage mentioned in said petition on the 2d day of December, 1891, had no notice either actual or constructive of the defendants' claim of title in said premises or the deed heretofore mentioned upon which the said claim is based, when the money loaned upon said mortgage was paid and when said mortgage was so taken, and that the said mortgage, together with the lien for taxes paid thereunder, was foreclosed in this court and sold to the plaintiff herein on the 10th day of December, 1898, and said sale was confirmed and a deed issued and made by the sheriff of Dakota county, Nebraska, to the said plaintiff on the 13th day of January, 1899, and that it is under said deed that plaintiff claims title; that the amount bid and paid by said plaintiff at said sale was the sum of $1,540,

and that he has since paid thereon taxes amounting with interest to the sum of $94.16; that the plaintiff has title under said sheriff's deed superior to the title claimed by the defendants under the deed mentioned, and that plaintiff's title is prior and paramount to that of the defendant, but that the said defendants should have the right to redeem from the claim of the plaintiff within a reasonable time by paying to him the amount so bid at said sale together with taxes since paid upon said premises, the total sum of which, including interest and all payments, amounts on the first day of this term, to wit, October 23d, 1899, to $1,727.89, and that a reasonable time in which defendants may redeem is six months from and after October 23d, 1899, and that if said defendants fail and refuse to redeem said premises within said period of time the title in and to said premises should be forever quieted and confirmed in the plaintiff as by him prayed in his petition.

"It is therefore ordered and adjudged by the court that if the said defendants fail for the period of six months from and after the 23d day of October, 1899, to pay to the plaintiff or to pay into court for his use and benefit the sum of $1,727.89, with interest thereon at 7% from said date, and the costs of this action, that the title and right to possession of said premises, to wit: The northwest quarter of section 27, township 28, range 6, east, in Dakota county, Nebraska, be, and the same hereby are, forever quieted and confirmed in the said plaintiff, and the said defendants and each of them, and any and all persons claiming under or through them or either of them, are hereby enjoined from claiming any interest in said premises adverse to that of the plaintiff or his grantees, and from withholding the possession of said premises from him, or from interrupting him in his free use and enjoyment thereof, and that if said defendants fail within said period of time to redeem said premises and pay the amount herein stated, the clerk of this court will issue a writ of assistance to the sheriff of said county of Dakota directing him to proceed forthwith and place the plaintiff into pos-

session of said premises, without further order or proceedings of the court. Said writ to be executed and returned within 20 days from the date of issuance thereof."

At a subsequent term, the defendants moved to set aside the decree on the grounds that the court had no jurisdiction of the subject-matter, and that the decree was not supported by the pleadings. The motion was sustained on the grounds urged, and the decree vacated. From the order vacating the decree, the plaintiff prosecutes error to this court.

Counsel for the defendants argues at length that the court had no jurisdiction of the subject-matter, for the reason that the action was one to quiet the title to real estate, and the petition shows on its face that the defendants were in possession of the land, and therefore the plaintiff's remedy was at law, and not in equity. In his argument, counsel does not overlook the statute authorizing actions of this character under such circumstances, nor the decisions of this court to the same effect, but insists that the statute is unconstitutional, and that the decisions referred to should be overruled. We do not deem it necessary to go into that question. It does not necessarily follow that because a party is not entitled to the relief prayed the court is without jurisdiction of the subject-matter. As said in the case of *Lyon v. Gombert*, 63 Nebr., 630, 635: "It should be kept in mind that there is no such thing as a court of equity in this state. We have a district court, which has common-law jurisdiction and equity powers. When its jurisdiction is invoked, either by an action at law or a suit in equity, it has jurisdiction to act, and its judgments and decrees can not be assailed for want of jurisdiction on the ground that an issue, triable to the jury, was tried to the court, especially when there has been no demand for, nor refusal of, a jury trial of such issues." The district court had jurisdiction of the subject-matter presented by the petition in this case. Whether that jurisdiction was properly exercised is another question, and one that does not arise at this time. At least

two of the defendants, joining in the motion to vacate the decree, were personally served with notice of the pendency of the action, and made default. They had an opportunity to appear and insist on their rights. They can not now be heard to complain of any irregularities in the proceeding which might have been avoided had their objections been urged opportunely.

As to the second ground urged for the vacation of the decree, namely, that it is not supported by the pleadings,— that, in our opinion, is also untenable. An inspection of the decree will disclose that in whatever particular it is broader than the petition is in the interest of the defendants. If there be error in this, it is not error of which they should be heard to complain. The motion was made and the decree vacated at a term subsequent to that at which the decree was rendered. The power of the court to vacate its judgments or decrees after the term is limited to the grounds enumerated in section 602 of the Code of Civil Procedure. *Dillon v. Chicago, K. & N. R. Co.*, 58 Nebr., 472; *Barnes v. Hale*, 44 Nebr., 355. None of the grounds included in said section are relied upon or shown to exist. The order of the district court vacating the decree is erroneous.

It is urged that the order complained of is not final, and that error will not lie therefrom. The order was made on a summary application after judgment. That it is an order affecting a substantial right, is obvious. Such an order is a final order, within the meaning of the statute. Sec. 581, Code of Civil Procedure.

It is also urged that, the action being equitable, the remedy by appeal is exclusive. This court has held otherwise. *Chicago, B. & Q. R. Co. v. Cass County*, 51 Nebr., 369, 372; *Beatrice Paper Co. v. Beloit Iron Works*, 46 Nebr., 900.

Lastly, it is urged that the plaintiff must fail because no motion for a new trial was made in the district court. A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee or a

decision by the court. Sec. 314, Code of Civil Procedure. There was no issue of fact involved or examined on the hearing of the motion. Consequently, there could be no re-examination of any such issue. That being true, a motion for a new trial was neither necessary nor proper.

It is recommended that the order of the district court vacating the decree be reversed, and the cause remanded, with directions to vacate such order and reinstate the decree.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court vacating the decree is reversed, and the cause remanded, with directions to vacate such order and reinstate the decree.

JUDGMENT ACCORDINGLY.