## C. H. LEE ET AL. V. F. F. BRITTAIN.

FILED OCTOBER 5, 1905.   No. 13,935.

1. Liquor Licenses: APPEAL. A motion for a new trial is not necessary in order to obtain a review of the judgment of the district court entered on a hearing of an appeal taken from the order of a

license board granting or refusing a license to sell intoxicating liquors. *Bennett v. Otto,* 68 Neb. 652, followed and approved.

2. ——: STATUTES: AMENDMENT: BOND. The act of 1895 (laws 1895, ch. 22) is ineffectual as an amendment or repeal of section 6, chapter 50, Compiled Statutes 1903, which requires an applicant for liquor license to sell intoxicating liquors to give a bond in the sum of $5,000, with at least two good and sufficient sureties, freeholders of the county in which the license is granted. *Fidelity & Deposit Co. of Maryland v. Libby,* 72 Neb. 850, followed and approved.

ERROR to the district court for Merrick county: JAMES G. REEDER, JUDGE. *Reversed.*

*W. T. Thompson,* for plaintiffs in error.

*John Patterson, contra.*

OLDHAM, C.

Plaintiffs herein were remonstrators against the application of the defendant for a license to sell intoxicating liquors in the village of Silver Creek, Nebraska. The license was granted by the village board, and an appeal taken by the remonstrators to the district court, where the action of the board was affirmed. To reverse this judgment of the district court, the remonstrators bring error to this court. The application was for a license beginning June 25, 1904, and ending May 1, 1905.

It is urged in the first instance by the defendant in error that we cannot review the proceedings had in the district court, because no motion for a new trial was filed in such court. This question, however, has been settled by this court in the case of *Bennett v. Otto,* 68 Neb. 652, in which we said:

"A motion for a new trial is not necessary in order to obtain a review of the judgment of the district court entered on the hearing of an appeal taken from the order of a license board granting or refusing a license to sell intoxicating liquors."

It is urged by the remonstrators that the court erred in

approving the action of the village board, because no bond was filed by the applicant with at least two good and sufficient sureties, freeholders of the county, before the license was granted, as required by section 6, chapter 50, Compiled Statutes 1903 (Ann. St. 7155). The bond filed and approved by the board was signed by the applicant, as principal, and by the Metropolitan Mutual Bond and Surety Company, as security. It is contended by counsel for the defendant in error that the bond given is sufficient under the provisions of chapter 22, laws 1895, authorizing the acceptance of certain corporations as sureties thereon. This contention, we think, is foreclosed by the opinion of this court in *Fidelity & Deposit Co. v. Libby,* 72 Neb. 850, in which we held that chapter 22, laws 1895, did not effect a repeal of section 9, chapter 10, Compiled Statutes of 1903 (Ann. St. 9008), which enacts that the official bonds of all county officers shall be executed by the principal "and at least two sufficient sureties, who shall be freeholders of the county." This provision, we held, referred to natural persons, and, as section 6, *supra,* contains the same requirement with reference to the bond of an applicant for a liquor license that section 9, *supra,* contains for official bonds, it would seem that we must hold the bond given insufficient.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the forgoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.