FRANCIS T. WALKER, APPELLANT, v. LAVILLA J. BURTLESS, ET AL., APPELLEES.[*]

FILED JULY 17, 1908. No. 15,199.

1. **Exceptions, Bill of:** MOTION TO QUASH. The trial judge is not authorized to settle a bill of exceptions more than 100 days from the adjournment of the term at which the cause was tried, decree entered, and motion for a new trial overruled. A bill allowed in violation of the statute will be quashed upon motion duly made in this court. *Stock v. Luebben*, 72 Neb. 254, approved and followed.

2. **Forfeitures** are not favored either in law or equity and, if the intent is doubtful, will receive a strict construction against those for whose benefit they were introduced.

[*]Rehearing denied. See opinion, p. 214, *post*.

3. **Vendor and Purchaser: Contracts: Forfeiture.** A contract for the sale of real estate provided that, upon the vendee's failure to execute notes and a mortgage and to make a second cash payment, the money theretofore paid thereon "is to be declared forfeited to the said party of the first part" (vendor). *Held,* That it was incumbent on the vendor, upon vendee's default, to declare a forfeiture to entitle her to retain said money.

Appeal from the district court for Red Willow county: Robert C. Orr, Judge. *Reversed.*

*Perry & Lambe,* for appellant.

*Morlan, Ritchie & Wolff,* contra.

Root, C.

Plaintiff alleges that he entered into a written contract with defendant for the purchase of land and paid her $200 thereon. A copy of the contract is incorporated into the petition. It provides: "It is understood between the parties hereto that should the said party of the second part fail to make the payment of $500 and execute said mortgage for $500 on or before the 10th day of March, 1906, the $200 cash payment herein made is to be declared forfeited to the said party of the first part." Plaintiff alleges that he tendered the money, note and mortgage to defendant, that she refused to perform, but, on the contrary, caused deeds to be recorded which clouded the title to said land; that he has been damaged in the premises and is without adequate remedy at law; that he is willing to perform upon defendant furnishing him a good title to said land, and offers so to do. Defendant admitted executing the contract and the receipt of the $200, denied that plaintiff had offered to perform the contract, but alleged that she had duly tendered performance, and that plaintiff refused to pay the money or to execute the notes and mortgage; "thereby said plaintiff has forfeited said $200 cash payment." She asked judgment that she be entitled to the $200 and that her title to the land be quieted. The

court found generally for defendant, and plaintiff appeals.

1. Defendant has moved to quash plaintiff's bill of exceptions, and said motion was submitted with the argument on the merits. The decree was rendered February 4, 1907, and the draft of the proposed bill was duly submitted to defendant's attorney, and by him returned February 27, without suggestions of amendment. March 4 plaintiff's attorney sent the draft of the bill to the clerk of the district court in McCook, the county seat where the case was tried, with a request that the clerk secure the trial judge's signature thereto and then to file it. The document was not settled or signed by the judge, but was filed by the clerk in his office and certified to by him as a record in the case, and in that condition filed in this court on the 16th of May, 1907. In September, 1907, defendant's counsel moved to quash the bill and strike it from the files. Upon a showing of the facts by plaintiff's counsel, and without any proof to this court that the February, 1907, of the district court for Red Willow county had adjourned without day, we permitted the document to be withdrawn from our files. November 26, 1907, Judge Orr settled and signed the bill, and immediately thereafter defendant's counsel moved a diminution of the record to show the date that said term did adjourn *sine die*. It now appears that said term so adjourned February 16, 1907. The motion must be sustained. The bill was not allowed by the trial judge for more than nine months subsequent to the adjournment of the term at which the decree was rendered, and his acts in that regard are null and void. *Stock v. Luebben*, 72 Neb. 254.

2. In the motion for a new trial and in the assignments of error it is claimed that the pleadings do not support the decree, and we are of opinion that, to a degree, the contention is sound. It is admitted that defendant still retains the $200. The contract is admitted, and time is not of the essence thereof. Defendant does not plead that she has ever declared the money forfeit. By the terms of the

agreement a forfeiture is to be declared under certain conditions. The forfeiture clause must be construed strictly against defendant, and if she did not declare a forfeiture she was not, and is not, entitled to retain said money, nor ought the court to have so decreed. We cannot assume, in the absence of a bill of exceptions, that the parties tried any issues not made up by the pleadings. *Murphy v. McIntyre,* 152 Mich. 591; *Sornberger v. Berggren,* 20 Neb. 399.

We therefore recommend that the bill of exceptions be quashed, and that the judgment of the district court be reversed and the cause remanded for further proceedings.

By the Court: For the reasons stated in the foregoing opinion, the bill of exceptions is quashed, the judgment of the district court is reversed and the cause remanded.

REVERSED.

The following opinion on motion for rehearing was filed November 6, 1908. *Former judgment of this court vacated and judgment of district court modified. Rehearing denied:*

Appeal: MOTION FOR NEW TRIAL. If the consideration of a record of the district court does not require the examination of any issue of fact or error of law occurring at the trial, which could only be preserved by a bill of exceptions, a motion for a new trial is not a condition precedent to a review of that record in this court.

FAWCETT, C.

Our former opinion, *ante,* p. 211, contains a correct statement of the facts. The defendant urges that a rehearing should be granted for two reasons: (1) That a motion for a new trial was not filed in the district court within three days of the entry of the decree; (2) that plaintiff is not entitled to recover the $200 paid by him, but that defendant is entitled to retain the same as liquidated damages.

The first point above urged is without merit. The bill

of exceptions having been quashed, nothing remains for consideration except the pleadings and decree. In such a case a motion for a new trial is not a condition precedent to the right of review. *Bannard v. Duncan,* 65 Neb. 179; *First Nat. Bank v. Sutton Mercantile Co.,* 77 Neb. 596.

Further consideration of the second point above urged leads us to the conclusion that we were in error in reversing the judgment of the district court, instead of merely modifying it. The contract set out in the pleadings does not provide for liquidated damages unless and until defendant has declared a forfeiture, and that declaration is not pleaded in the answer. Under the pleadings in this case, we do not think the district court could determine the question as to whether or not plaintiff is entitled to recover back the $200 he had previously paid upon the execution of the contract, nor should the district court have adjudged that defendant was entitled to retain said money. Defendant's allegation that the money was to be retained as liquidated damages in case plaintiff failed to perform is a mere conclusion, not based upon the written contract which is set out at length in the petition. The suggestion that plaintiff may have been in possession of the property and that the rents and profits thereof were set off against the $200 is without merit, because the court found generally for defendant, and necessarily that she was in possession of the land. Plaintiff might not have been entitled to a specific performance, and yet may have a cause of action to recover back the $200. These questions the trial court could not determine upon the pleadings before it, nor can we do so.

It is therefore recommended that the motion for rehearing be overruled, that the last subdivision of our former opinion and our judgment of reversal be vacated, that the judgment of the district court be modified so as not to purport to adjudicate defendant's right to retain the $200 paid her by plaintiff, and, as thus modified, that it be affirmed.

CALKINS and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the motion for rehearing is overruled, the last subdivision of our former opinion and our judgment of reversal are vacated, the judgment of the district court is modified so as not to purport to adjudicate the defendant's right to retain the $200 paid her by plaintiff, and, as thus modified, the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.