MELISSA WAXHAM, APPELLEE, V. ROBERT O. FINK, APPELLANT.

FILED FEBRUARY 26, 1910.  No. 15,931.

1. **Appeal: ASSIGNMENT OF ERRORS.**  The purpose of the act of 1907 (laws 1907, ch. 162) was to further simplify the practice in taking appeals to this court in civil actions at law.  No assignment of errors in this court is necessary except in the printed brief; and ordinarily the court will not reverse the judgment of the district court for errors not so assigned.  Plain errors not so assigned, especially if they involve jurisdictional questions, may, under some circumstances, be considered.  Each error complained of must be assigned separately and *"particularly."*

2. ———: ———.  The assignment in this court that "the court erred in overruling the motion for a new trial", and similar technical assignments, are no longer required.  If the particular ruling of the trial court which is complained of is separately assigned in the brief and plainly and definitely stated, the statute is complied with.  This court, however, will not ordinarily discuss in the opinion assignments that are not argued in the brief and supported by authorities.

3. ———: ———.  When at the close of the evidence the defendant moves the court to instruct the jury to find a verdict in his favor, and the motion is overruled and an exception duly taken, the assignment in the brief that "the court erred in overruling the motion of the defendant made at the close of the evidence that the jury be directed to return a verdict for defendant" is sufficient.

4. ———: MOTION FOR NEW TRIAL.  The practice in the district court

is unaffected by this statute. The motion for new trial must give the trial court an opportunity to correct all errors complained of. No alleged error can be considered in this court as ground for reversal unless so brought to the attention of the trial court.

5. New Trial: REFUSAL TO DIRECT VERDICT: ASSIGNMENT OF ERRORS. The assignment of error in the motion for new trial that "the verdict is not sustained by sufficient evidence" or "the verdict is contrary to law" is sufficient to challenge the attention of the trial court to its ruling in refusing to direct a verdict for defendant, since there should be an instruction to find for defendant if the evidence is not sufficient to sustain a verdict for plaintiff, and the same question is raised by either suggestion.

6. Appeal: ASSIGNMENT OF ERRORS. It is not necessary that the assignment in this court should be in precisely the same language used in the motion for new trial in the district court. If the ruling is identified and plainly defined, it is sufficient.

7. Trial: MOTION TO DIRECT VERDICT. The suggestion in a motion to instruct the jury to find a verdict for defendant that "the facts proven are not sufficient to entitle the plaintiff as matter of law to recover" is equivalent to assigning that the evidence is insufficient to justify a verdict for plaintiff.

8. Master and Servant: FELLOW SERVANTS. If two servants of the same employer are associated together in the same service, and neither is in any manner under the control or direction of the other, they are fellow servants, and one of them cannot recover damages from the employer, caused solely by the negligence of his fellow servant.

9. ——: ——. A woman of mature age was employed as housekeeper and in general charge of the housework, and was injured by an accident caused by the negligence of the son of her employer, a boy of 14 years, who was also performing ordinary household service in the absence of his father, but pursuant to the general directions of his father to perform such service. *Held*, That the woman and the boy were fellow servants, and that she could not recover from her employer damages so sustained.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*H. C. Brome* and *Clinton Brome,* for appellant.

*W. F. Wappich* and *Joel W. West, contra.*

SEDGWICK, J.

The plaintiff began this action in the district court for Douglas county to recover damages which she alleges she suffered because of the negligence of the defendant. The plaintiff was employed as a domestic by the defendant. The defendant's family consisted of himself and his son, about 14 years of age, and the plaintiff had general care of the house and performed the ordinary duties of a housekeeper. At the time of the accident which caused the plaintiff's damage, the defendant was away from home, and the boy, in getting some coal from the cellar for the evening, left the small trapdoor in the floor open, through which the plaintiff fell, causing her injuries. There was a verdict for the plaintiff, and the defendant appeals. The brief of the defendant in this court is devoted entirely to the proposition that the plaintiff and the boy were, in the absence of defendant, fellow servants, and that the defendant is not liable for the carelessness of the boy. This proposition is not discussed at all in the brief of the plaintiff. The argument on behalf of plaintiff is addressed entirely to reasons for supposing that the main question insisted upon by defendant cannot be considered by this court, and several reasons are urged for that conclusion.

The question presented by the plaintiff is wholly one of practice, and becomes of more than usual importance because of the change in the method of obtaining a review in this court of judgments and final orders of the district courts in civil actions at law. The act of 1905 (laws 1905, ch. 174) was intended to provide a complete procedure in such cases. It was a radical departure from the procedure then provided, and under that act this court held that "it was the intention of the legislature to simplify the practice in bringing cases to this court", and the former rule, which had been universally enforced, that "an assignment of error directed against a group of instructions is insufficient, and will be considered no fur-

ther than to ascertain that any one of such instructions was properly given", was abrogated. *First Nat. Bank v. Adams,* 82 Neb. 801.

It will be observed further that under the act of 1905 this court adopted the rule that upon docketing the appeal a printed or type-written brief of the errors relied upon must be filed in this court with the transcript. But the legislature at its next session amended the statute, repealing nine several sections of the compiled statutes then in force, and enacting five sections in their stead. Laws 1907, ch. 162. The title of the new act is: "To provide for appeals to the supreme court in all cases except criminal cases", etc. The manifest purpose of the act is to further simplify the practice, and the result, we are satisfied, is to do away with many of the technical rules which had been supplied by the court. The fourth section of the act amends section 675c of the code. That section was: "The supreme court shall by general rule provide for the filing of briefs in all causes appealed to said court. The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous; but no petition in error or other assignment of errors shall be required. The supreme court may, however, at its option, consider a plain error not specified in appellant's brief." The section was re-enacted, and to the clause, "but no petition in error or other assignment of errors shall be required", were added the words, "beyond or in addition to the foregoing requirements." We must give force to this amendment, and we can discover no other meaning than that only one brief, and that the printed brief which had always been required, was to be filed in the case, and the assignments of error in that brief were sufficient if they "set out particularly each error asserted and intended to be urged." *Each* error of the trial court relied upon must be assigned in the brief and must be set out with *particularity.* The party complaining of the judgment

will not be supposed to have any reason to ask for a reversal except the errors committed by the trial court which he specifies in his brief and so defines that this court may know from his brief the particular ruling of which he complains. If this is done, nothing further is required to obtain a review of the rulings so specified.

The brief of appellant in this case contained but one assignment of error. It is in these words: "The court erred in overruling the motion of the defendant made at the close of the evidence that the jury be directed to return a verdict for defendant." Under the statutes now in force and the rules of this court framed in compliance with the amendments above discussed, this assignment presents the only question for us to review. Under the former practice it was held, perhaps not necessarily, that the petition in error in this court must contain the assignment that "the court erred in overruling the motion for a new trial." The rule so established appears to be inconsistent with the simplified practice introduced by the recent legislation above referred to. At the close of the evidence the defendant asked the court to direct a verdict in his favor. This the court refused to do, and the defendant excepted to the ruling. This is the specific error of the district court which is "asserted and intended to be urged for reversal", and it is "set out particularly" in the brief filed in this court. This is an exact compliance with the statute as to the assignment of errors in this court.

The amendments of the statutes under consideration have nothing to do with the practice in the district courts, and of course the well-settled rules of those courts are in no way affected thereby. The motion for new trial filed in the district court is unaffected by these amendments. It must give the trial court an opportunity to correct all errors complained of, and no alleged error can be considered as ground for reversal that is not so brought to the attention of the trial court.

It is contended by the plaintiff that the defendant's

motion for new trial was insufficient to challenge the attention of the trial court to the error now relied upon. The motion for new trial contained the following assignments: "First. The verdict is not sustained by sufficient evidence. Second. The verdict is contrary to law. Third. Errors of law occurring at the trial duly excepted to." Then follow seven assignments, each assigning error in giving a specified instruction. Bearing in mind that the defendant's contention is that the whole evidence shows that the plaintiff and the son of defendant are fellow servants, and that upon this evidence the law is that the plaintiff cannot recover, it would seem that either the first or second assignment in the motion for new trial must bring the real matter in controversy to the attention of the court. *Houston v. City of Omaha,* 44 Neb. 63. If "the verdict is not sustained by sufficient evidence", the court erred in not sustaining the defendant's motion to so instruct the jury.

In *Albright v. Peters,* 58 Neb. 534, the court said: "At the close of plaintiff's testimony the defendants asked the court below to instruct the jury to return a verdict in their favor, which request was denied, and the ruling is assigned as error. The decision cannot be considered at this time for the reason the attention of the trial court was not called thereto in the motion for a new trial." The opinion does not set out the assignments in the motion for a new trial, but it appears that one of them was that "the verdict is contrary to the evidence." This assignment would be substantially equivalent to the one considered in this case: "The verdict is not sustained by sufficient evidence." The opinion in the case referred to discusses the evidence, and concludes that it was sufficient to support the verdict. When the evidence was all in before the jury, the question of its sufficiency to support a verdict would be directly raised by a motion to instruct for the defendant; and so in the motion for a new trial, either assignment, that the verdict was not supported by sufficient evidence, or that

the court erred in not instructing for the defendant, would raise precisely the same question and bring precisely the same matter to the attention of the trial court. The matter is not discussed at large in the opinion referred to, and the distinction, if in fact there is any distinction, is too technical to furnish a precedent.

In the motion, to instruct for defendant, which was made at the close of the evidence, the reason given for the motion is "that the facts proven are not sufficient to entitle the plaintiff as a matter of law to recover." The plaintiff now contends that this is defective, in that it is not equivalent to assigning that the evidence is insufficient; but we are not able to see the distinction. The sufficiency of the evidence is to be tested by what it proves, and if it does not establish sufficient facts to justify a verdict, then the evidence is insufficient.

We think that we are called upon by this record to determine whether this evidence was sufficient to support a verdict in favor of the plaintiff, and this depends wholly upon whether the plaintiff and the son of defendant were fellow servants. Upon this question the plaintiff has given us no assistance in the brief. The plaintiff alleged and contended upon the trial that it was no part of her duties to bring the coal from the cellar or to direct or superintend the son, and that the defendant undertook to do it himself or to procure his son to perform this service. These contentions were denied by defendant, but it appears that the jury have decided this contention in favor of the plaintiff. From her testimony it appears that the trapdoor through which she fell is located in the pantry, a small room about 4 feet by 6 feet inside, as she said, opening directly from the kitchen, which was also not large, and in which she had finished her evening's work but a few minutes before the accident occurred. The sitting room also opened from the kitchen, and she says that the coal for the base-burner for the sitting room was kept in the cellar. There was an outside entrance to the cellar which was ordinarily used. The trapdoor in ques-

tion was only used, according to the plaintiff's testimony, in very cold and stormy weather. The boy testified that at the time of the accident the plaintiff was at work in the kitchen, and that she requested him to get some coal for the evening; that he procured one hod full, which was not sufficient to fill the base-burner, and he left the trapdoor in the pantry open while he went to the base-burner, intending to immediately return for some more coal, and that just as he was returning to the pantry the accident occurred.

The verdict having been in plaintiff's favor, we will consider her testimony upon this point for the purpose of the present discussion. She testified that both the kitchen and pantry were dark, the gas having been turned off, and another light, which they sometimes used there, having been removed from the kitchen to the sitting room, and that under these circumstances she went into the pantry, not knowing that the boy had left the trapdoor open, and so fell and received her injuries. If the boy and the plaintiff were both the employees of the defendant and associated together in the same service, and neither was in any manner under control or direction of the other, they must be considered as fellow servants, and each in law must be presumed to take such risk as might follow from the negligence of the other in performing the duties incident to such service. There is nothing in the record to show that it was intended or supposed by any one that the son, being a boy only 14 years of age, should control or direct the plaintiff in performing her duties. It would be more reasonable to suppose that he would be subject to plaintiff's suggestions as to his conduct. No authorities have been cited by plaintiff nor any argument advanced for concluding that under such circumstances the "fellow servant" rule so well established should not be applied. In *Debus v. Armour & Co.*, 84 Neb. 224, the case is made to turn upon the question as to whether the plaintiff was the fellow servant of the employee whose negligence caused the injury,

and under the circumstances in that case it was held that they were not fellow servants. In *Anthony v. Leeret,* 105 N. Y. 591, under somewhat, though not entirely, similar circumstances, the fellow servant rule was applied. In another case, under somewhat similar circumstances, the court of appeals of Kentucky held the defendant liable. *Vandyke v. Memphis, N. O. & C. P. Co.,* 71 S. W. (Ky.) 441.

The defendant was a tenant of the house in which they lived. The plaintiff was familiar with the house and knew the condition and use of the trapdoor in question. She does not explain why she was performing her services in the pantry in the dark, nor does she satisfactorily explain why the bringing up of the coal and the use of the trapdoor upon that occasion and its condition at the time should be unobserved by her. If the question of her contributory negligence may be said to be settled in her favor by the verdict of the jury, and if her injuries were caused solely by the negligence of this young boy, it must be held, under the law so well established in this state, that he was a fellow servant and that the defendant is not liable for his negligence in this action.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

FAWCETT, J., concurring.

I concur in the judgment of reversal, but not upon the ground stated in the majority opinion. The doctrine of "fellow servant" has been made to "work overtime" during late years by the courts of the country. So much so that even congress has taken notice and given some relief along that line. While I concede that under some circumstances a minor son will be held to be a servant of his father, it is in my judgment extending the rule beyond the bounds of reason and common experience to hold that a 14 year old son is, in his father's home, a fel-

low servant of the kitchen girl or housekeeper. Such a theory is to my mind not only unsound, but repulsive.

I think the judgment of the court below should be reversed on the ground of assumption of risk. Plaintiff is a mature woman. She knew all about the trapdoor leading into the cellar, and the use often made of it. She understood fully the construction and dangers of the place where she was required to work. She made no complaint to defendant, nor did she ask for any change of conditions, but continued in her employment. She thereby assumed the risk of her employment and environment. The majority opinion is in error in stating that the brief of defendant is devoted "entirely" to the fellow servant proposition. In his brief appellant says: "Appellee knew, or was in a position to know, the risk of suffering injury through the carelessness of the son of appellant. It was her privilege to refuse to perform duties which would cause her to run the risk of suffering injuries through the carelessness of appellant's son. By failing to do so, then she must be held to have assumed the risk attendant upon those duties." In that statement I concur.

REESE, C. J., concurs in the first paragraph of the above.