BANK OF BENSON, APPELLANT, v. W. A. GORDON ET AL., APPELLEES.

FILED APRIL 14, 1917. No. 19738.

1. **Appeal: CASE STATED.** A "case stated," as contemplated by the rule for the advancement of cases, must include an agreed statement of the facts upon which the questions of law arise. Rule 14.

2. ———: ———. A "case stated" must be allowed and certified by the trial judge, must be filed with the clerk of the district court, and must be printed and bound with appellant's brief. Rule 14.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Motion to advance overruled.*

*Daniel L. Johnson,* for appellant.

*Byron G. Burbank* and *William Baird & Sons, contra.*

ROSE, J.

This is a motion to advance the case under rule 14 (Supreme Court Rules, 94 Neb. XIII), which provides:

"The parties may by agreement state the case to be presented to this court on appeal. The case stated shall in

plain language briefly recite the facts upon which the questions of law arise, and also any substantial conflict in the evidence as to any fact involved, and separately state and number the rulings of the court complained of, with so much of the record as will fully show the law question involved in such ruling and the exceptions and contentions of the parties thereon. The case stated will in such case constitute the bill of exceptions, and must be allowed and certified by the judge who tried the case, and filed with the clerk pursuant to section 7880 and 8194, Revised Statutes 1913. The case stated must be printed and bound with appellant's brief. A case so submitted will be advanced for hearing, if both parties desire."

The parties have agreed upon an abstract of the record which seems to be intended as a "case stated." It does not "in plain language briefly recite the facts upon which the questions of law arise." The rule contemplates a statement of the facts. An agreed abstract of the evidence from which the reviewing court is required to find the facts does not meet the requirment. A case stated is intended as a substitute for a bill of exceptions, and it must make findings of fact in the appellate court unnecessary. The document submitted with the motion to advance is wanting in the following particulars: It has not been "allowed and certified by the judge who tried the case." It has not been "filed with the clerk." It is not "printed and bound with appellant's brief."

The motion to advance is therefore

OVERRULED.