FURNAS COUNTY FARM BUREAU, APPELLANT, V. L. L. BROWN ET AL., APPELLEES.

FILED OCTOBER 21, 1924. No. 24427.

1.  Agriculture: FARM BUREAU: REMONSTRANTS. Under section 2, ch. 1, Laws 1923, remonstrators against the allowance of an appropriation by the county board for the support and continuance of a farm bureau and the payment of a county agricultural agent must be "bona fide residents of the county, actually and actively engaged in farming in said county."

2.  ———: ———: ———. Wives and daughters of qualified remonstrators, who merely perform such duties and services as are ordinarily performed by wives and daughters residing on farms, not on their own behalf but in aid of the husbands and fathers, none of them having charge of the land used in farming, or owning, managing, controlling or disposing of the crops, are not "actually and actively engaged in farming," and are not qualified to sign a remonstrance against such appropriation.

3.  **Appeal:**  Motion for New Trial.  A motion for a new trial is: unnecessary where all the facts are stipulated in the record before the district court, and the same is brought here by a case stated under rule 14 of this court (94 Neb. XIII), and the question presented is matter of law arising upon the face of the record.

4.  ———:  Case Stated.  Under rule 14 of this court, a case stated: constitutes the bill of exceptions when allowed and certified by the trial judge, and no other bill of exceptions is necessary.

Appeal from the district court for Furnas county: Charles E. Eldred, Judge.  *Reversed.*

*Edward J. Lambe,* for appellant.

*Wade Stevens, contra.*

Heard before Morrissey, C. J., Letton, Dean, Good and Thompson, JJ.

Letton, J.

A petition was filed with the board of county commissioners of Furnas county praying that an appropriation be made, under the farm bureau act, chapter 1, Laws, 1923, for the purpose of promoting improvement in agricultural methods and continuing the maintenance of a county agricultural agent in said county.  After a petition, signed by 861 qualified signers, had been filed with the county board, a remonstrance was filed.  The county board held that the persons whose names appeared on the remonstrance were qualified remonstrators, and proceeded to order an election on the question of the continuance of the farm bureau.  Proceedings were had in the district court, which affirmed the ruling of the county board.  From that judgment this appeal is taken.

In order to expedite a decision, a case stated was settled and allowed in the district court under the rules of this court which was properly certified by the trial judge.  The real question presented is whether the remonstrance was signed by a sufficient number of qualified remonstrators.

Section 2 of the act provides:

Furnas County Farm Bureau v. Brown.

" If there is filed with the county clerk, within twenty
days after such petition is filed, a remonstrance against
the allowance of the budget, as aforesaid, the county board
shall submit the question to a vote of the people of the coun-
ty at the election held therein in the year 1924. * * * Pro-
vided also that said remonstrators shall be *bona fide* resi-
dents of the county, actually and actively engaged in farm-
ing in said county and shall be one-eighth more in number
than there are signers on the petition so filed. Neither
farm hands, day laborers, nor minors shall be eligible to
sign either a petition or a remonstrance."

The statute requires that the remonstrators must be
" actually and actively engaged in farming in said county."
It is conceded and agreed:

"Four hundred ninety-two of the names appear-
ing as remonstrators are the names of the wives
and daughters of the qualified remonstrators, who
merely perform such duties and services ordinarily
performed by wives and daughters residing on farms,
to wit, doing housework, raising chickens, milking cows,
and making butter, working in the garden, etc., not
on their own behalf, but in aid of the husbands and
fathers; that the services performed by said women
remonstrators contributed to the support and maintenance
of the families and the accumulation of the profits
derived from said agricultural pursuits; that said women
remonstrators and none of them owned or paid taxes on
the farming equipment and machinery and did not through
title control or have charge of the land used in farming or
the farming business, and did not own or manage, control
or dispose of the crops produced, and that each of said wo-
men remonstrators resided on farms in Furnas county, Ne-
braska, at the time of signing such remonstrance." And
it is stipulated that, if said 492 women signers to said re-
monstrance are qualified remonstrators, then the order of
the county board is valid; otherwise, no election on the
question shall be submitted.

It is a patent and well-known fact that in many cities and

towns within this state wives and daughters are engaged in "raising chickens, milking cows, making butter, and working in the garden," and this contributes to the support and maintenance of families, and yet the persons who carry on such an avocation cannot reasonably be said to be " actually and actively engaged in farming." Moreover, unless there is an actual business partnership between a husband and wife living upon a farm, the wife can in no sense be said to be "actually and actively engaged " in farming merely by reason of her performing the usual and ordinary work incidental to a woman's life upon a farm. Where the husband is in control of the farming operations. where the business is carried on in his name, where he receives and disburses the money received from the farming operations, it is he who is " actually and actively " engaged in farming in the contemplation of law, and not his wife or daughter who merely carry on the household and minor occupations incident to their position. There is no question of sex limitations here, since a woman, married or single, who is actually and actively engaged in farming, has the same right to remonstrate as a man. *In re Matson,* 123 Fed. 743; *In re Strawbridge,* 39 Ala. 367, 383.

The appellees argue that, since the statute provides that neither farn. hands, day laborers, nor minors shall be eligible to sign either a petition or a remonstrance, under the maxim *"Inclusio unius est exclusio alterius,"* it could not have been the intention of the legislature to disqualify women as signers. This argument is inconclusive, since all women are not disqualified, but only those who are not actually and actively engaged in farming.

Appellees raise certain technical objections to the consideration of the case based upon the fact that no motion for a new trial was filed, and on the assertion that, the case being brought to the supreme court without a bill of exceptions, the only question that can be considered is the sufficiency of the pleadings to sustain the judgment. As to these contentions, a motion for new trial is unnecessary where the alleged errors are questions of law appearing up-

on the face of the record; and under rule 14 of this court the "case stated" constitutes the bill of exceptions when allowed and certified by the trial judge. No other or different bill of exceptions is necessary. *Nye-Schneider Fowler Co. v. Bridges, Hoye & Co.*, 98 Neb. 27; *Bank of Benson v. Gordon*, 101 Neb. 162.

The judgment of the district court is reversed.

REVERSED AND REMANDED.

Note—See Agriculture, 2 C. J. p. 989, sec. 3; Appeal and Error, 3 C. J. p. 966, sec. 861; 4 C. J. p. 331, sec. 1958.