VIOLET KREPCIK, ADMINISTRATRIX OF THE ESTATE OF CALVIN L. KREPCIK, APPELLANT, v. INTERSTATE TRANSIT LINES, A CORPORATION, APPELLEE.

38 N. W. 2d 533

Filed July 21, 1949. No. 32594.

*William S. Padley*, and *Beatty, Clarke, Murphy & Morgan*, for appellant.

*Robert B. Hamer, J. G. McIntosh, T. F. Hamer*, and *G. C. Holdrege*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

A motion by appellee to affirm the judgment of the trial court has been submitted. It presents a novel and

important question of procedure that should be determined before further proceedings are had in this case.

This is an action for damages for the alleged wrongful death of appellant's decedent and damages for the destruction of a truck owned and operated by the deceased, occasioned by a collision with it of a bus of the appellee.

The defense was a denial by appellee of negligence on its part and a charge of contributory negligence on the part of the deceased. Appellee at the close of all of the evidence made a motion for a directed verdict in its favor. The motion was denied. Appellant recovered a verdict on the two causes of action alleged by her. Appellee, within the time allowed therefor, moved to have the order denying its motion for a directed verdict and the verdict vacated, to have an order sustaining its motion for a directed verdict, and for judgment in its favor upon each of the causes of action, or, in the alternative, an order granting a new trial. The motion for judgment or a new trial was heard and the court found that appellant as a matter of law was prevented from any recovery because the negligence of her decedent proximately causing the collision and injuries was, as a matter of law, more than slight, and any negligence of appellee was less than gross in comparison with the negligence of the decedent. The court vacated the verdict and all proceedings subsequent to the motion of appellee for a judgment in its favor, sustained its motion, and dismissed the case with prejudice. Appellant gave timely notice of appeal The transcript filed in this court on December 16, 1948, Appellant did not make a motion for a new trial after the finding and judgment of the court in favor of appellee. The transcript filed in this court on December 16, 1948 fails to show any motion for a new trial made by appellant. A supplemental transcript filed several months later shows that appellant filed a motion for a new trial in the office of the clerk of the district court on November 26, 1948, two days after the filing by her of notice of appeal.

Appellee by its motion contends that the answer of appellee alleges defenses; that the district court had jurisdiction to set aside the verdict and to make a finding and to enter a judgment in favor of appellee; that the appeal having been taken and perfected, without appellant having filed a motion for a new trial after the verdict of the jury was vacated, a finding made and a judgment entered by the trial court in favor of appellee, this court in the exercise of its appellate jurisdiction is limited solely to a determination that the judgment is or is not supported by the pleadings; that the position of appellant is that the judgment of the trial court is not supported by the evidence, but that this question cannot be considered or determined by this court because of the failure of appellant to interpose a timely and appropriate motion for a new trial.

A district court was not, prior to an act of the Legislature of 1947 (Laws 1947, c. 85, p. 262), authorized to render a judgment notwithstanding the verdict except where, upon the statements in the pleadings, one party was entitled by law to a judgment in his favor. Where the pleadings did not show a right to a judgment, the court could not disregard a verdict and enter such a judgment as the evidence justified. If the verdict was not sustained by the evidence or was contrary to law, the remedy was, on motion therefor, to award a new trial. If the trial court was convinced it erred in submitting the case to the jury and should have directed a verdict, the remedy was a new trial, not a judgment of dismissal. § 25-1315, R. S. 1943; Winterson v. Pantel Realty Co., 135 Neb. 472, 282 N. W. 393. The limitation of this procedure was thought to be unjust because it sometimes coerced the losing party to compromise or abandon legal rights involved in the case or to suffer the delay, expense, and effort of another trial upon what frequently proved to be substantially the same evidence. It was believed that if material error occurred in the case during the trial and this was discovered or determined

upon further consideration after the trial when there was better opportunity for further study, the court should be authorized to grant a new trial, or without another trial, to render judgment for the party entitled thereto as a matter of law, upon the evidence which had been produced. It was because of this that the Legislature of 1947 changed the rule and prescribed a new procedure in this regard. Laws 1947, c. 85, p. 262; §§ 25-1315.02 and 25-1315.03, R. S. Supp., 1947; Patrick v. Union Central Life Ins. Co., 150 Neb. 201, 33 N. W. 2d 537.

This was within the power of the Legislature. A litigant has no vested right in any mode of procedure. Lovelace v. Boatsman, 113 Neb. 145, 202 N. W. 418; Department of Banking v. Hedges, 136 Neb. 382, 286 N. W. 277.

The mode and manner of appeal is statutory, and a litigant who complies with the requirements of the applicable statute is entitled to a review of his case to the extent of the scope provided by law. Larson v. Wegner, 120 Neb. 449, 233 N. W. 253; Barney v. Platte Valley Public Power and Irrigation District, 144 Neb. 230, 13 N. W. 2d 120.

At the time the act of the Legislature of 1947 above referred to became effective, it was a part of the procedure of this state that if a motion for a directed verdict was made during the trial of the cause, the ruling of the court thereon could not be reviewed by this court unless it was, by the party aggrieved by it, assigned as error in a motion for a new trial, and a ruling thereon secured in the trial court. Albright v. Peters, 58 Neb. 534, 78 N. W. 1063; Link v. Reeves, 3 Neb. (Unoff.) 383, 91 N. W. 506. See, also, Waxham v. Fink, 86 Neb. 180, 125 N. W. 145, 28 L. R. A. N. S. 367. A failure to observe this requirement, if the motion for an instructed verdict was sustained, limited the review in this court to a determination that the pleadings did or did not support the judgment rendered on the verdict in accordance with the direction of the court. Tait v. Reid, 91 Neb. 235, 136 N. W. 39;

Shipley v. McNeel, 149 Neb. 790, 32 N. W. 2d 639.

The answer of the appellee alleges defenses to the causes of action of the appellant, and the pleadings support the judgment. If the act of the Legislature of 1947 did not relieve the appellant of the necessity of interposing in this case a motion for a new trial, and securing the ruling thereon before invoking the jurisdiction of this court, the motion of appellee to affirm the judgment should be granted.

The act of 1947, to the extent pertinent to this inquiry, provides that when a motion for a directed verdict made at the conclusion of all of the evidence is not granted, the court is authorized to submit the case to the jury "subject to a later determination of the legal questions raised by the motion" and the party who made the motion, within the time limited, has the right to ask the court to vacate the verdict and any judgment entered thereon, to move that judgment be entered in accordance with "his motion for a directed verdict"; and such a judgment "is an appealable order, and the time for taking appeal shall commence to run from the date of entry" thereof. This court "on appeal from the judgment" is authorized to order "judgment * * * in favor of the party who was entitled" thereto, without regard to whether it approves or disapproves the conclusion of the trial court. Laws 1947, c. 85, p. 262; §§ 25-1315.02 and 25-1315.03, R. S. Supp., 1947. The purpose of this was to eliminate needless costs and effort, and to simplify and expedite the final disposition of litigation. It was obviously not the intention of the lawmakers that this legislation should be understood or interpreted to create pitfalls or to complicate the judicial process. If the terms of the act will reasonably permit, it should be construed to avoid these results.

The right of the Legislature to authorize an appeal within a time limited from the rendition of the judgment and a trial in this court de novo upon the entire record made, including the evidence taken in the dis-

trict court, without the filing of a motion for a new trial, has been sustained and the procedure enforced. Before 1905, section 675 of the code permitted appeals in equity cases "within six months after the date of the rendition of the judgment or decree or * * * the final order" by the filing in this court of a transcript of the proceedings, pleadings, judgment, decree, or final order, and all proofs offered in evidence in the district court. Comp. St. 1903, § 7265. There was no requirement of a motion for a new trial and the filing of such a motion did not extend the time for taking an appeal. This section of the code was construed to require this court to try the appeal de novo on the entire record made in the trial court, including the evidence received on the trial. Douglas County v. Barker Co., 125 Neb. 253, 249 N. W. 607; Dodge v. Healey, 103 Neb. 180, 170 N. W. 828; Smith v. Silver, 58 Neb. 429, 78 N. W. 725; Union Central Life Ins. Co. v. Burgess, 131 Neb. 20, 266 N. W. 898. See, also, Nemetz v. Nemetz, 147 Neb. 187, 22 N. W. 2d 619. The act of 1947 is a special statute complete within itself, authorizes an order for a judgment notwithstanding a verdict, makes it an appealable order, and limits the time to 30 days within which an appeal may be taken from the entry of such order.

A motion for a new trial is essential to a review of alleged errors and rulings occurring upon a trial of a cause, but this rule has not been extended to every order or decision and is indispensable only in cases where questions of fact are tried and determined. The purpose of a motion for a new trial is to enable the court to correct errors that have occurred in the conduct of the trial. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772; Slobodisky v. Curtis, 58 Neb. 211, 78 N. W. 522; Bailen v. Badger Import Co., 99 Neb. 24, 154 N. W. 850; Furnas County Farm Bureau v. Brown, 112 Neb. 637, 200 N. W. 451. A "trial" is a judicial examination of the issues, whether of law or of fact in an action. A "new trial" is a re-examination

in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court. §§ 25-1103 and 25-1142, R. S. 1943.

An issue of fact exists when the court or jury is required to weigh and consider evidence to determine what the facts essential to a decision of a matter in litigation are, and when the trier of fact must determine which evidence is to be believed, what part thereof is to be disregarded. In considering and passing upon a motion for a judgment notwithstanding the verdict, the court does not examine any issue of fact. The court, by the mandate of the statute, considers the record made on the trial and decides as a matter of law whether the evidence already in the record justified the submission of the case to the jury or whether the court on the trial should have sustained the motion for a directed verdict. The court cannot, in such a situation, weigh or consider any part of the evidence in the sense of deciding any issue of fact. The matter presented by the motion for a judgment is one of law. A "trial" of an issue of fact means an original investigation by the court and an examination of evidence, produced by the parties, including the rulings of the court, which if not satisfactory must be brought to the attention of the court by a motion for a new trial. The part of this case concerning the motion of appellee for a judgment or for a new trial was a mere examination of the record made on the trial before the motion was interposed, and a motion for a new trial by appellant after the judgment was rendered for the appellee could have alleged nothing except that the court erred in deciding the matter upon the record incorrectly in favor of appellee. The proceedings by the trial court on the motion of appellee for judgment was in the language of the statute only a "determination of the legal questions raised by the motion." Bennett v. Otto, 68 Neb. 652, 94 N. W. 807; Lee v. Brittain, 74 Neb. 591, 104 N. W. 1076; Bannard v. Duncan, 65 Neb. 179, 90 N. W. 947;

Walker v. Burtless, on rehearing, 82 Neb. 214, 118 N. W. 113; Weideman v. Estate of Peterson, 129 Neb. 74, 261 N. W. 150.

The motion of appellee requested the court to render a judgment in its favor, or if that was denied, to grant a new trial. The act of 1947 authorizes this procedure by the provision: "If a verdict was returned, the court may allow the judgment to stand, or may re-open the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed." § 25-1315.02, R. S. Supp., 1947. If the court had denied the motion for a judgment and had sustained the motion for a new trial, the appellant would not have been required to make (and could not have made) a motion for a new trial as a condition of a review on appeal to this court of the evidence in the record to determine the question of the correctness of the action of the trial court in granting the appellee a new trial. The appellee concedes the correctness of this conclusion. The complaint of appellant in such a situation would have been that a new trial had been incorrectly granted appellee; the objection would not have been to a judgment because none would have existed. Where the trial court sustains a motion for a new trial and grants a new trial, as this statute permits, and the court does nothing more, the party "aggrieved" by the order is effectively prevented from filing a motion for a new trial. If he did, the court would, of course, sustain it and he would be prevented from maintaining an appeal because he had obtained through his motion and action the order concerning which he alleges error. He would have invited the alleged error forming the basis of his appeal. It would be an unfortunate and unjustified construction of this statute to conclude that if a motion for a judgment notwithstanding the verdict is sustained, the party aggrieved thereby must make a motion for a new trial, but if a motion for a new trial is sustained and a new trial awarded, the party aggrieved thereby

need not file a motion for a new trial as a prerequisite of an examination of the complete record by this court on an appeal from the order of the trial court. The party against whom a judgment notwithstanding the verdict has been rendered does not want a new trial and should not be required to make application for a new trial, a ruling on which he might not be able to secure in the limited time permitted for an appeal. What he wants is the right of a review in this court of the correctness of the action of the trial court in setting aside the verdict and rendering a judgment adverse to him. This the act of 1947 furnishes him.

The first sentence of paragraph 2 of the act is significant and important in considering the problem presented by the motion to affirm. Appellee concludes that the last clause of this was obviously inserted to harmonize the time for taking an appeal from any order authorized by the act with the time specified in the general statute on the subject of appeals from the district courts to this court. § 25-1912, R. S. Supp., 1947. This explanation is neither satisfactory nor convincing. That section provides that an appeal may be taken "within one month after the rendition of such judgment or decree or the making of such final order, or within one month from the overruling of a motion for a new trial in said cause" while the act of 1947 dogmatically states "the time for taking appeal shall commence to run from the date of the entry of such order." § 25-1315.03, R. S. Supp., 1947. This applies to all orders "as provided in this section"—an order entering judgment or granting or denying a new trial. These provisions are not in harmony. If they are, then there is no rational explanation as to why the last section was made a part of the act. It was not written therein by accident, but for a purpose. The first paragraph of this act is a copy of Rule 50 (b) of the Federal Rules of Civil Procedure, and was a part of the report of the Advisory Committee appointed by this court. 11 S. C.

J., p. 882. Paragraph 2, or anything similar thereto, does not appear in the Federal Rules, but it is almost a copy of the rule approved by this court and reported to the Legislature as Rule 50 (b)(2) (11 S. C. J., p. 897) with the exception that the Legislature before making it a part of the law added thereto the language: "and the time for taking appeal shall commence to run from the date of entry of such order.". The Legislature had been considering the subject of appeals to this court and had amended the general statute fixing the time within which an appeal could be taken (§ 25-1912, R. S. Supp., 1947), and thereby limited the time to within one month from the making of the order or within one month from the overruling of a motion for a new trial in the cause. It shortly thereafter passed L. B. 19 (§ 25-1315.03, R. S. Supp., 1947), having added the language: "and the time for taking appeal shall commence to run from date of the entry of the order." Nothing is said therein about a motion for a new trial. This act applies only to a case in which a motion for a directed verdict is made at the close of the evidence. The Legislature had before passing this act at the same session adopted a law providing that "A motion for a directed verdict shall state the specific grounds therefor." Laws 1947, c. 88, p. 267; § 25-1315.01, R. S. Supp., 1947. It is logical to conclude that the lawmakers entertained the view that a motion for a directed verdict stating the specific grounds therefor, and a motion for a judgment notwithstanding the verdict or for a new trial, supplied the primary purpose of a motion for new trial and called to the attention of the court all of the alleged errors made during the trial of the cause, and because of this, that no motion for a new trial should be required in reference to any order made by the court by virtue of the provisions of this act. The time for taking an appeal commences to run from the entry of the order (§ 25-1315.03, R. S. Supp., 1947), and expires 30 days thereafter (§ 25-1912, R. S. Supp.,

674

1947). A litigant could not be assured in all cases of a ruling on a motion for a new trial within that short time. He should not be harassed with a construction of the law that requires him to do something as a condition of the exercise of a right of appeal that might on occasion be impossible to perform, with the result that his appeal would fail.

The motion of appellee to affirm the judgment should be, and it is, overruled and denied. The motion of appellee for an extension of time to prepare, serve, and file its brief herein should be, and is, granted, and the time therefor should be, and is, extended to the 15th day of September, 1949.

MOTION TO AFFIRM JUDGMENT DENIED. MOTION TO EXTEND BRIEF DAY OF APPELLEE GRANTED.