FLORENCE L. HUNGERFORD, ADMINISTRATRIX OF THE ESTATE OF CLEO HUNGERFORD, DECEASED, APPELLANT, V. ROBERT A. KNUDSEN, APPELLEE.

105 N. W. 2d 568

Filed November 4, 1960.  No. 34821.

*Leamer & Graham,* for appellant.

*Mark J. Ryan,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Cleo Hungerford commenced this action against the defendant to recover damages for injuries received while riding as a guest in an automobile owned and operated by the defendant. Issues were joined and a trial had. At the close of the plaintiff's evidence the trial court directed a verdict for the defendant. The plaintiff has appealed. The record shows that Cleo Hungerford died on October 11, 1959, and the action was revived in the name of Florence Hungerford, administratrix of the estate of Cleo Hungerford, deceased.

The plaintiff failed to file a motion for a new trial. It is the contention of the defendant that the filing of a motion for a new trial is essential to a review of the errors assigned on appeal in the instant case.

The mode and manner of appeal is statutory, and a litigant who complies with the requirements of the applicable statute is entitled to a review of his case to the extent of the scope provided by law. Larson v. Wegner, 120 Neb. 449, 233 N. W. 253; Barney v. Platte Valley Public Power & Irr. Dist., 144 Neb. 230, 13 N. W. 2d 120.

The Legislature in 1947 amended the statute governing appeals to this court. Laws 1947, c. 85, § 1, p. 262. At the time the foregoing sections of the statute became effective it was a part of the procedure of this state that if a motion for a directed verdict was made during the trial of the cause, the ruling of the court thereon could not be reviewed by this court unless it was, by the party aggrieved by it, assigned as error in a motion for a new trial, and a ruling thereon secured in the trial court. Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533. Except to the extent that the procedure has been changed by the legislative act in 1947, the foregoing rule is in force in this state.

Section 25-1315.02, R. R. S. 1943, as amended by the 1947 act, provides that whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Thereafter, and within the statutory time therein stated, the party who has moved for the directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned, such party may move for judgment in accordance with his motion for a directed verdict. Section 25-1315.03, R. R. S. 1943, as amended by the 1947 act, provides that an order entering judgment, as provided by section 25-1315.02, R. R. S. 1943, or granting or denying a new trial, is an appealable order. In other words, a motion for a new trial is not always essential to review on appeal under the procedure specified by the 1947 amendment. This was determined in Krepcik v. Interstate Transit Lines, *supra,* and the reasons therefore are explicitly stated therein. We adhere to the reasoning of that case.

In the instant case the motion for a directed verdict was made at the close of plaintiff's case. Since the 1947 amendment applies only in cases where a motion for a directed verdict is made at the close of all the evidence and is denied or not granted for any reason, the 1947 amendment is not applicable to the situation before us. Consequently, the rule applicable where a motion for a directed verdict is made at the close of plaintiff's evidence is that the ruling of the trial court thereon can not be reviewed by this court unless it was, by the party aggrieved by it, assigned as error in a motion for a new trial and a ruling thereon secured in the trial court.

When it is sought to review the judgment of the district court in a law action, no required motion for a

new trial having been filed, this court will examine the record to ascertain if the pleadings state a cause of action or defense which support the judgment, but it will not go back of the verdict rendered by the jury or findings of fact made by the trial court to review anything done or any proceeding had. Shipley v. McNeel, 149 Neb. 790, 32 N. W. 2d 639; In re Application of Rozgall, 147 Neb. 260, 23 N. W. 2d 85. Since the answer of the defendant states a defense to the action, the judgment of the district court must be affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.