CENTRAL SURETY AND INSURANCE CORPORATION, A CORPORA-
TION, APPELLANT, V. ATLANTIC NATIONAL INSURANCE
COMPANY, A CORPORATION, APPELLEE.

132 N. W. 2d 758

Filed January 22, 1965. No. 35788.

Eisenstatt, Lay, Higgins & Miller, for appellant.

Gross, Welch, Vinardi, Kauffman & Schatz, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and POLLOCK and SIDNER, District Judges.

SPENCER, J.

This appeal involves the question as to which motor vehicle liability insurance carrier should bear the loss when a leased vehicle is involved in a collision: The one which issued a policy to the owner and lessor of the vehicle, which also covers the driver-lessee, or the one which issued a policy to the driver-lessee who is responsible for the collision.

The plaintiff, Central Surety and Insurance Corporation, the appellant herein, whose policy covered the driver-lessee of the car involved in the accident, and the defendant, Atlantic National Insurance Company, the appellee who had issued a policy to the Capitol Driv-Ur-Self, a corporation, the owner and lessor of the car, jointly contributed to the settlement of an action for personal injuries brought by a pedestrian struck by the leased vehicle. This was done under an agreement that either party could subsequently litigate the question as to the nature of the coverage. Each of the companies paid its own defense costs. The parties will hereinafter be referred to by their designations in the lower court.

Plaintiff brought this action against the defendant for reimbursement for the money expended in defending and settling the action. The defendant denied the liability and filed a counterclaim for its contributions to the settlement and for its expenses in defending the action.

The case was tried to the court on a stipulation of facts. The issue tried was whether one of the policies was primary and the other secondary, or whether or not the policies jointly covered the risk. The trial court, in a judgment filed February 17, 1964, adopted the latter construction, determined neither party was entitled to contribution from the other, and dismissed both the plaintiff's petition and the defendant's counterclaim. The trial court filed an extensive memorandum delineating his views on all applicable provisions of the policies. The plaintiff did not file a motion for a new trial, but on March 5, 1964, some 17 days after the judgment entry, gave notice of appeal. It is this appeal which is now before us.

Before considering the plaintiff's assignments of error, we are met by the question as to whether or not a motion for a new trial was necessary to review them. Is this an action at law or a suit in equity? The essential char-

acter of the cause of action and the remedy or relief it seeks, as shown by the allegations of the complaint, determine whether a particular action is one at law or in equity. See Mills v. Heckendorn, 135 Neb. 294, 281 N. W. 49.

The nature of an action, whether legal or equitable, is determinable from its main object, as disclosed by the averments of the pleadings and the relief sought. Roy v. Bladen School Dist. No. R-31, 165 Neb. 170, 84 N. W. 2d 119.

The relief sought in both the petition and in the counterclaim is the recovery of a money judgment. Plaintiff argues the action is equitable because it seeks recovery of money paid by the plaintiff which should have been paid by the defendant. The money was paid under an agreement that either of the parties reserved the right to pursue its legal remedy to determine which of the contracts with the respective insureds applied to the evidence adduced. The action involved the construction of the contracts. Each claimed that its policy provided only excess coverage. The question presented was solely the legal construction of the two policies. Where none of the extraordinary powers of a court of equity are required in order to give either party the relief he seeks, and a court of law can afford complete relief, the action is one at law.

Plaintiff argues that the issues raised by the pleadings were strictly of an equitable nature, and contends that a motion for a new trial was not necessary and would be a foolish and redundant waste of effort, serving no purpose whatever.

Plaintiff relies on the following language in Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533: "A motion for a new trial is essential to a review of alleged errors and rulings occurring upon a trial of a cause, but this rule has not been extended to every order or decision and is indispensable only in cases where questions of fact are tried and determined. The pur-

pose of a motion for a new trial is to enable the court to correct errors that have occurred in the conduct of the trial." We might also add the line following the part quoted: "A 'trial' is a judicial examination of the issues, whether of law or of fact in an action."

Krepcik v. Interstate Transit Lines, *supra*, involved a special statutory procedure, sections 25-1315.02 and 25-1315.03, R. S. Supp., 1947, and has no applicability herein. The language referred to concerns decisions on motions, demurrers, or procedural points where evidence is not adduced by stipulation or otherwise.

Section 25-1142, R. R. S. 1943, defines a "new trial" as a reexamination in the same court of an issue of fact after a verdict of a jury, report of a referee, or a decision by the court.

It is plaintiff's contention that no issues of fact were tried in this case because all facts were stipulated to by the parties. The evidence before the court was the stipulation of facts; plaintiff's demand letter; plaintiff's policy; defendant's policy; and the lease agreement on the car. The situation is no different than if the evidence had been offered in the absence of a stipulation without objection. Where evidence is adduced in a law action, whether by stipulation or otherwise, issues of fact are tried and determined.

We determine the action herein to be one at law. Unless a motion for a new trial is filed in an action at law, review of the judgment in this court will be limited to the sole question as to whether the pleadings support the judgment. See Hungerford v. Knudsen, 171 Neb. 125, 105 N. W. 2d 568. The pleadings herein will support the judgment entered. The judgment of the district court must therefore be affirmed.

AFFIRMED.