STRUVE ENTERPRISES, INC., APPELLEE, V. THE TRAVELERS
INSURANCE COMPANY, APPELLANT.
500 N.W.2d 580

Filed May 28, 1993.   No. S-91-510.

Anne E. Winner and, on brief, Richard D. Sievers, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellant.

James C. Zalewski, of Erickson & Sederstrom, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ., and GRANT, J., Retired.

FAHRNBRUCH, J.

Contending that an insurance policy issued by it had lapsed, The Travelers Insurance Company (Travelers) appeals a district court declaratory judgment requiring it to pay workers' compensation benefits to an injured employee of Struve Enterprises, Inc. (Struve), of Deshler, Nebraska.

We agree with Travelers that Struve's failure to pay the premium when a new policy was issued constitutes a lapse, rather than a cancellation, of the policy. Accordingly, we reverse the judgment of the district court for Thayer County and remand the cause with directions to dismiss.

Struve builds and manages apartment houses, publishes a newspaper, and operates several movie theaters. It is owned by Harold Struve and his wife, Lois, each of whom owns 50 percent of the company's shares.

About July 1, 1987, Struve purchased from Travelers a workers' compensation insurance policy, numbered 6-UB-882G023-5-87, covering the period from July 1, 1987, to July 1, 1988. The policy premium for that period was paid in full. Included in the policy was a "Nebraska Cancelation and Nonrenewal Endorsement," which reads, in part:

> We may cancel this policy. We must mail or deliver to you advance written notice stating when the cancelation is to take effect. *If we cancel because you do not pay all premium when due, we will mail the notice of cancelation at least ten days before the cancelation is to take effect.*

(Emphasis supplied.)

On May 26, 1988, Travelers sent Struve a "Workers Compensation Insurance Plan Letter." The letter stated that Struve's workers' compensation policy for the year July 1,

1988, to July 1, 1989, would be numbered 6-UB-882G023-5-88 and that that policy would be a renewal of policy number 6-UB-882G023-5-87. The letter billed Struve $5,161 for workers' compensation coverage for the period of July 1, 1988, to July 1, 1989. The May 26 letter further stated that "[t]he *premium must be paid by the 'due date' [July 1, 1988] to keep the insurance in force.*" (Emphasis supplied.) It is uncontroverted that (1) the notice was received by Struve, (2) payment was never made to Travelers, and (3) no further notices or reminders were sent to Struve by Travelers.

On November 20, 1989, approximately 17 months after the original policy term expired, a Struve employee was injured and a workers' compensation claim was filed with Travelers. After being informed that Struve's workers' compensation insurance coverage was no longer in effect, Lois Struve discovered in her company's files the May 26, 1988, notice sent by Travelers.

Struve filed a petition in district court alleging that Travelers had never provided a "notice of cancellation" as required by the policy. Struve requested a judgment declaring that (1) the policy was not properly canceled and was in effect at the time of the injury in question and (2) Travelers was liable to Struve for all sums paid and to be payable to the injured employee under the Nebraska Workers' Compensation Act. Struve also requested costs and attorney fees incurred by it.

In its answer, Travelers claimed that Struve's policy was no longer in effect due to Struve's failure to pay the premium required to keep the policy in full force and effect. Travelers requested a declaration that it had not provided coverage to Struve at the time of the injury to Struve's employee.

The parties entered into a joint stipulation that, inter alia, (1) the matter was an equity matter to be tried to the court without a jury, (2) the matter would be submitted to the court without personal appearance of counsel, and (3) the entire evidentiary record would consist of depositions and exhibits identified and referenced in the depositions and answers by Travelers to an interrogatory.

Based upon the stipulated record, the district court found that Travelers had canceled Struve's workers' compensation insurance policy without giving Struve the notice required by

the policy and by Neb. Rev. Stat. § 44-379 (Reissue 1988). The court found that, therefore, the policy was not properly canceled and was in effect at the time of the employee's injury. The court stated that

> [e]quity requires a holding for [Struve] because of two reasons: (a) the whole idea of insurance is to spread the risk; and (b) by reason of the regulation of the insurance industry and the acts of the industry, the ordinary customer reads the words to mean that his insurance will not lapse or be cancelled without a final and clear cut reminder.

Travelers was ordered to reimburse Struve for all costs incurred in its payments to the injured employee plus any future costs to the extent that Travelers would have been required to cover under the policy, less the annual premiums that would have been charged to Struve for the years 1988 and 1989. Costs of the action were also assessed to Travelers.

Whether a declaratory judgment action is treated as an action at law or one in equity is to be determined by the nature of the dispute. *Universal Underwriters Ins. Co. v. Farm Bureau Ins. Co., ante* p. 194, 498 N.W.2d 333 (1993). The parties stipulated that this case was an equity case. The general rule is that parties have no right to stipulate as to matters of law, and such a stipulation, if made, will be disregarded. *City of Omaha Human Relations Dept. v. City Wide Rock & Exc. Co.*, 201 Neb. 405, 268 N.W.2d 98 (1978).

When a dispute sounds in contract, the action is to be treated as one at law. See *Properties Inv. Group v. Applied Communications*, 242 Neb. 464, 495 N.W.2d 483 (1993).

> In reviewing a judgment in a bench trial of a law action, an appellate court does not reweigh the evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. . . . In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside unless clearly erroneous. . . . When a declaratory judgment action presents questions of law, an appellate court has an

obligation to reach its conclusions independent from the conclusions reached by the trial court with regard to these questions.

(Citations omitted.) *Id.* at 469, 495 N.W.2d at 487.

Travelers assigns as error the district court's finding that Travelers canceled Struve's policy. The court relied on the clause in the policy that requires Travelers to give at least 10 days' notice if Travelers canceled the policy due to nonpayment of premium. However, as pointed out in *Peterson v. Cornhusker Cas. Co.*, 238 Neb. 173, 175, 469 N.W.2d 553, 555 (1991), in regard to an insurance policy, "cancellation means the 'termination of a policy prior to the expiration of the policy period by act of one or all of the parties' " (quoting *Waynesville Security Bank v. Stuyvesant Ins. Co.*, 499 S.W.2d 218 (Mo. App. 1973)). In this case, the policy simply lapsed at the end of the policy period. The continuance of the insurer's obligation is conditional upon the payment of premiums, so that no recovery can be had upon a lapsed policy, the contractual relation between the parties having ceased. *Baker v. St. Paul Fire & Marine Ins. Co.*, 240 Neb. 14, 480 N.W.2d 192 (1992). Struve admits receiving the notice from Travelers stating that the policy was about to expire and that payment had to be received by July 1, 1988, for Travelers to continue its workers' compensation insurance coverage of Struve. Struve simply failed to pay the premium due for the following year and for the year after that. The burden is on an insured to keep a policy in force by the payment of premiums, rather than on the insurer to exert every effort to prevent the insured from allowing a policy to lapse through a failure to make premium payments. *Id.*

We disagree with the district court that § 44-379 requires Travelers to give a notice of noncoverage to Struve. The statute provides that, on a policy of liability insurance, "the insurer shall give the insured sixty days' written notice prior to cancellation or nonrenewal of such policy, except that the insurer may cancel upon ten days' written notice to the insured in the event of nonpayment of premium. Such notice shall state the reason for cancellation or nonrenewal." This provision applies to a cancellation by the unilateral action of the insurer before the end of the policy term. It does not apply to an

automatic termination by expiration of the policy period. See *Sampson v. State Farm Mut. Ins. Co.*, 205 Neb. 164, 286 N.W.2d 746 (1980) (construing Neb. Rev. Stat. § 44-516 (Reissue 1988), which required 10 days' notice of cancellation for nonpayment of automobile insurance premiums, as being inapplicable to a termination of the policy through expiration of the policy period). Although *Sampson* dealt with an automobile liability policy, we see no reason why the same rule should not apply to workers' compensation insurance policies.

Struve argues that there was an established course of dealing between Struve and Travelers which should result in liability on the part of Travelers. However, no course of dealing was established between Struve and Travelers because (1) any course of dealing was between Struve and Struve's independent insurance agent, who was not Travelers' agent, and (2) the 1987-88 policy year was the first period in which Travelers undertook to insure Struve. Therefore, there was no prior course of conduct with Travelers concerning the renewal of any policy. Moreover, as a matter of law, the failure of an independent insurance broker to provide coverage (or otherwise serve the broker's client) is not imputable to the insurer issuing the policy. See *Moore v. Hartford Fire Ins. Co.*, 240 Neb. 195, 481 N.W.2d 196 (1992).

The district court was clearly wrong in finding that Travelers failed to properly cancel its workers' compensation policy with Struve and therefore remained liable to Struve. Our holding that no cancellation of the policy occurred is dispositive of the remaining assignments of error. The judgment of the district court is reversed, and the cause is remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.