CLARENCE TYLER, APPELLANT, V. STRUVE ENTERPRISES, INC., AND
THE TRAVELERS INSURANCE COMPANY, APPELLEES.
500 N.W.2d 837

Filed June 4, 1993. No. S-92-685.

Robert R. Moodie, of Friedman Law Offices, for appellant.

James C. Zalewski, of Erickson & Sederstrom, P.C., for appellee Struve Enterprises.

Anne E. Winner, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., for appellee The Travelers Insurance Co.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ., and GRANT, J., Retired.

BOSLAUGH, J.

This is an appeal in a proceeding under the Workers' Compensation Act.

On November 20, 1989, the plaintiff, Clarence Tyler, was injured as the result of an accident arising out of and in the course of his employment as a property maintenance man by the defendant Struve Enterprises, Inc. On June 12, 1991, the plaintiff filed a petition in the compensation court alleging that he was entitled to compensation from his employer and from The Travelers Insurance Company, his employer's insurance carrier, for the injuries he sustained in the accident of November 20.

While this action was pending in the compensation court, the employer commenced a declaratory judgment action in the district court to determine whether an insurance policy issued to the employer by Travelers was in effect and provided coverage to Struve at the time of the November 20 accident.

Following a hearing before a single judge of the compensation court, the plaintiff recovered an award against

both defendants on February 19, 1992, for temporary total disability and permanent partial disability, together with medical and hospital expenses, penalties for waiting time, attorney fees, and interest. The parties have stipulated that the award by the single judge was correct as to the periods and amounts of disability, medical bills, waiting-time penalties, and attorney fees.

On February 28, 1992, Travelers requested a rehearing, and on May 1, the matter was heard before a three-judge panel. On July 8, following the rehearing, the compensation court dismissed the plaintiff's petition without prejudice on the ground that it lacked jurisdiction to make a final adjudication because of the declaratory judgment action pending between the defendants. From that judgment the plaintiff has appealed.

Neb. Rev. Stat. § 48-178.01 (Reissue 1988) provides that when

> the claimant's right to compensation is not in issue, but the issue of liability is raised as between an employer, a carrier, or a risk management pool . . . the Nebraska Workers' Compensation Court may order payment of compensation to be made immediately by one or more of such employers, carriers, or pools. When the issue is finally resolved, an employer, carrier, or pool held not liable shall be reimbursed for any such payments by the employer, carrier, or risk management pool held liable.

Since there is no dispute as to the right of the plaintiff to recover compensation as a result of the November 20 accident, the compensation court on rehearing should have made an award to plaintiff against one or both defendants in accord with the provisions of § 48-178.01, and its order dismissing the petition without prejudice was in error.

The litigation between Travelers and the employer has now been resolved by the decision in *Struve Enter. v. Travelers Ins. Co., ante* p. 516, 500 N.W.2d 580 (1993).

The judgment of the compensation court is reversed, and the cause is remanded to the compensation court with directions to enter an award in favor of the plaintiff and against the defendant Struve Enterprises, Inc., for all compensation to which the plaintiff is now entitled as a result of the accident of

November 20, 1989, together with medical and hospital expenses, penalties for waiting time, interest, and attorney fees as provided in the Nebraska Workers' Compensation Act.

REVERSED AND REMANDED WITH DIRECTIONS.