NEBRASKA PUBLIC EMPLOYEES LOCAL 251, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, ET AL., APPELLANTS, v. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.

528 N.W.2d 297

Filed March 3, 1995.   No. S-93-691.

Thomas F. Dowd, of Dowd & Dowd, for appellants.

Kent N. Whinnery, Deputy Omaha City Attorney, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

Members of a collective bargaining unit which represents employees of the City of Omaha (City) brought this action for an accounting of alleged underpayment of wages. The action was brought after the Commission of Industrial Relations (Commission) issued a decision which resulted in the implementation of a pay plan that reduced the wages of some of the employees.

## SCOPE OF REVIEW

In an appeal from a declaratory judgment, the appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *National Am. Ins. Co. v. Continental Western Ins. Co.*, 243 Neb. 766, 502 N.W.2d 817 (1993).

## FACTS

The plaintiffs, Nebraska Public Employees Local 251, American Federation of State, County and Municipal Employees; Janis R. Thomas; and 99 other individuals, hereinafter referred to collectively as the employees, filed a petition in equity requesting an accounting individually and on behalf of all similarly situated former and current employees of the City who allegedly sustained an underpayment of wages as a result of the City's alleged improper placement of the

employees on a pay plan.

During the 1970's, the City's six–step pay plan was revised to three steps. Under the three–step pay plan, a new employee could reach the top step and the maximum wage in a period of 1 year. The first step was entry level, the second step was reached after a 6–month probationary period, and the top step was reached after 1 year of employment. In 1988, the City and the employees attempted to negotiate a new collective bargaining agreement for the fiscal year beginning December 26, 1988, but when the negotiations failed, the City filed a petition with the Commission.

On February 6, 1990, the Commission issued its findings and order, which directed that the employees be placed on a six–step pay plan that required 5 years of employment to reach the top step. The Commission's order established the minimum and maximum wage of each job classification. The result was that some of the employees received decreases in wages, while others received increases.

On or about May 13, 1990, the City placed the employees on the six–step, 5–year pay plan according to each employee's years of employment as of December 26, 1988. This placement was retroactive to January 1, 1990. The employees did not object to the application of the new pay plan for employees hired on or after December 26, 1988, but they objected to the implementation of the pay plan as it affected the status of employees who were hired prior to December 26, 1988.

The employees alleged that the City's failure to give them credit for "their relative and proportionate position between the minimum and maximum on the previous pay plan they occupied prior thereto" had resulted in underpayment of wages since January 1, 1990. The employees filed claims for underpayment of wages with the City on March 21, 1991. The claims were denied by the city council on October 8. The employees then filed their petition in the district court, requesting that the City be required to make an accounting for underpayment of wages, to pay all compensation due, and to advance the employees to the appropriate step on the new pay plan. The district court approved the City's actions, finding that the implementation of the six–step, 5–year pay plan was in compliance with the

Commission's order of February 6, 1990, and the petition was dismissed. The employees appeal.

## ASSIGNMENT OF ERROR

The employees claim the district court erred in ruling that the City's implementation of the six-step, 5-year pay plan was in compliance with the order of the Commission.

## ANALYSIS

In its order of February 6, 1990, the Commission made no findings concerning the method to be used by the City to place the employees on the new pay plan. The record does not indicate that any party appealed from the order of the Commission or requested clarification regarding implementation of the pay plan. It was not until after the City implemented the order by placing the employees on the new pay plan that the employees sought to challenge the City's interpretation of the Commission's order.

The employees requested an accounting based upon what they claimed was an underpayment of wages resulting from the City's placement of the employees on the six-step, 5-year pay plan without giving them credit for their "relative proportional position on the preceding pay step plan." We find that the relief requested is in the nature of an action for declaratory judgment. The basis for the relief requested is the six-step, 5-year pay plan, which is the contractual agreement between the parties. The status of the employees in relation to the pay plan is the issue which was presented to the district court. Any person interested under a written contract or other writings constituting a contract may have determined any question of construction arising under the contract and may obtain a declaration of rights, status, or other legal relations thereunder. See Neb. Rev. Stat. § 25-21,150 (Reissue 1989).

Whether a declaratory judgment action is treated as an action at law or one in equity is to be determined by the nature of the dispute. *Struve Enter. v. Travelers Ins. Co.*, 243 Neb. 516, 500 N.W.2d 580 (1993). When a dispute sounds in contract, the action is to be treated as one at law. *Id.* Since the dispute between the employees and the City arises from the implementation of the new pay plan, we treat the case as an

action at law and, therefore, reach our conclusion independent from the conclusion reached by the trial court. See *National Am. Ins. Co. v. Continental Western Ins. Co.*, 243 Neb. 766, 502 N.W.2d 817 (1993).

The parties stipulated that the City implemented the Commission's order without regard to the employees' status on the previous pay plan. The point of contention is the method used by the City to place the employees on the new pay plan. In implementing the Commission's order, the City examined each employee's tenure as of December 26, 1988. The City then placed the employee at a step equivalent to the employee's number of years of employment. The employees argue that an employee who was at the top step of the previous pay plan after 1 year of employment should have been placed at the top step of the newly created pay plan notwithstanding the fact that the employee might not have worked in that position for 5 or more years as required by the new pay plan.

The employees claim that the City's implementation of the new pay plan was a retroactive application of the Commission's order. We disagree. The City placed each employee at a step equivalent to the number of years of employment as of December 26, 1988. This placement did not result in a retroactive application merely because placement on the new pay plan was related to the number of years an employee had been employed as of December 26, 1988.

The employees also argue that they had a vested right to placement on the new pay plan based on their status with the City prior to the Commission's order. The Commission has statutory authority to establish wage-step progression schedules. See *Douglas Cty. Health Dept. Emp. Assn. v. Douglas Cty.*, 229 Neb. 301, 427 N.W.2d 28 (1988). Neb. Rev. Stat. § 48-818 (Reissue 1993) provides that "the findings and order or orders [of the Commission] may establish or alter the scale of wages, hours of labor, or conditions of employment, or any one or more of the same." As the Commission noted, this statute mandates that the Commission shall establish rates of pay and conditions of employment which are comparable to the prevalent wage rates paid and conditions of employment maintained for the same or similar work of workers exhibiting like or similar

skills and under the same or similar working conditions for the contract year in dispute, regardless of whether the order entails an increase or decrease in wages. The order of the Commission expressly recognized that some employees would receive decreases in wages while others would receive increases.

When the parties submitted the dispute to the Commission, one of the issues identified by the parties was "wages and total compensation." The Commission established the six-step, 5-year pay plan, and the City implemented the plan based upon the number of years of employment with the City. We conclude that the employees had no vested right to placement on the top step of the new pay plan based upon 1 year of employment prior to December 26, 1988, and we find that the City did not act arbitrarily or capriciously in its placement of the employees on the six-step, 5-year pay plan according to each employee's years of employment as of December 26, 1988.

The employees' arguments have no merit, and the judgment of the district court is affirmed.

AFFIRMED.