COLLECTION BUREAU OF GRAND ISLAND, INC., A NEBRASKA
CORPORATION, DOING BUSINESS AS CREDIT MANAGEMENT,
APPELLEE, V. CASEY FRY, APPELLANT.

610 N.W. 2d 442

Filed May 16, 2000.    No. A-99-573.

Bruce E. Stephens, of Stephens & Sutter, for appellant.

Glen A. White and William Wroblewski for appellee.

HANNON, INBODY, and CARLSON, Judges.

HANNON, Judge.

## INTRODUCTION

The Collection Bureau of Grand Island, Inc., doing business as Credit Management (Collection Bureau), the assignee of a claim by BTR Commercial Refrigeration, filed an action in the county court for York County against Casey Fry and his landlord, Mike Batterton, to collect for repairs and service to the heating system in the house Fry rented from Batterton. After the pleadings were completed in the county court, Collection Bureau filed a document purporting to transfer the case to district court, pursuant to Neb. Rev. Stat. § 25-2706 (Reissue 1995), upon the basis that the county court lacked jurisdiction because the case was seeking recovery from Batterton on the

basis of unjust enrichment and hence was an equity action. Without a judicial order, copies of pleadings were filed in the district court. That court sustained Batterton's demurrer and dismissed him as a defendant and then tried the case against Fry in a bench trial, which resulted in a judgment for $403 plus court costs and attorney fees against Fry. Fry appealed to this court, arguing several errors, including the sufficiency of the evidence to support the verdict. Because there is no statutory authority for a case such as this case to be transferred from the county court to the district court and because this case was not transferred correctly, we conclude that the district court was without jurisdiction and that hence, this court is without jurisdiction. We therefore dismiss this appeal with directions for the district court to vacate its judgment and return the case to the county court for further proceedings.

## BACKGROUND

Collection Bureau filed a petition in the county court for York County, Nebraska, naming Fry and Batterton as defendants, suing them for services supplied by way of repair of the heating system in the house Fry rented from Batterton. In addition to the allegations of venue, that the services were rendered to the house, that notice of the goods and services had been provided to Fry and Batterton, and of the assignment, the allegations which might support recovery against Fry were that he lived in the house and that he was in the process of purchasing it. The petition also alleged that at the time the services were provided at Fry's request, Batterton owned the house, and Collection Bureau prayed for judgment against both Fry and Batterton. There were hearings and a ruling on demurrers in the district court.

The transcript filed with this court shows no transcript of proceedings to transfer the case to the district court by the county court, but the transcript contains what appears to be complete copies of the three petitions filed in the county court and the demurrers thereto, but not the county court's ruling thereon. The transcript also contains Fry's answer, which is essentially a general denial. The transcript then shows that the district court proceeded to a hearing on Batterton's demurrer, granted it, and later dismissed Batterton as a defendant. Later, a bench trial was had.

Naturally, we wondered how and why the case was transferred from the county court to the district court. Upon inquiry to the lower courts, we obtained a document from the clerk of the district court purportedly filed by Collection Bureau's attorney entitled "Motion to Certify Proceedings to the District Court." This motion refers to § 25-2706 and states that it was made "for the reason that Plaintiff's action against Mike Batterton of unjust enrichment sounds in equity, and is therefore exclusively within the jurisdiction of the District Court." We find no other action by the county court after the above "motion" was filed, not even a certificate of the clerk of the county court to the effect that the pleadings filed in the district court were true copies of those filed in the county court. The only other documents in the transcript are the district court's order granting Batterton's demurrer, a later dismissal of the case against Batterton, and the order appealed from wherein Collection Bureau was granted judgment against Fry.

## ASSIGNMENTS OF ERROR

Fry appeals, alleging several errors which would ordinarily merit consideration. However, since we conclude that the district court lacked jurisdiction to consider this case and that this court therefore lacks jurisdiction, we will not list them. Instead, we go immediately to the controlling jurisdictional question.

## STANDARD OF REVIEW

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court; however, findings of the lower court as to underlying factual disputes, if any, in regard to the jurisdictional issue will be upheld unless they are clearly erroneous. *Walksalong v. Mackey*, 250 Neb. 202, 549 N.W.2d 384 (1996).

■ On questions of law, an appellate court has an obligation to reach an independent conclusion without reference to the findings of the trial court. See *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.*, 248 Neb. 651, 538 N.W.2d 732 (1995).

■ Although no party in this appeal has raised the issue of jurisdiction, "[t]his court has a duty to determine issues of jurisdiction which are apparent from the record." *J.L. Healy Constr.*

*Co. v. State,* 236 Neb. 759, 762, 463 N.W.2d 813, 816 (1990). Accordingly, we must determine whether the case was properly transferred from county court to district court and thence whether the district court and this court have jurisdiction.

## ANALYSIS

Collection Bureau stated in its motion that it moved "to certify the proceedings to the District Court" pursuant to § 25-2706, on the basis that its action against Batterton of unjust enrichment sounded in equity and was therefore exclusively within the jurisdiction of the district court.

■ Section 25-2706 provides in pertinent part:

The county court shall certify proceedings to the district court of the county in which an action is pending (1) when the pleadings or discovery proceedings indicate there is an amount in controversy in excess of fifteen thousand dollars or (2) when the relief requested is exclusively within the jurisdiction of the district court. The county court shall certify the proceedings to the district court and file the original papers of such action and a certified transcript of the docket entries with the clerk of the district court. The action shall then be tried and determined by the district court as if the proceedings were originally brought in such district court, except that no new pleadings need be filed unless ordered by the district court.

■ We note that from what we learned after inquiry to the trial courts, no judge took any action on the "motion" that Collection Bureau filed. We also note that the above statute starts by providing that the "county court shall certify proceedings" when the amount in controversy exceeds the $15,000 jurisdictional limit of county courts, as provided in Neb. Rev. Stat. § 24-517(4) (Reissue 1995), or when the case is exclusively within the jurisdiction of the district court (pursuant of judicial decision, the Legislature has not given the county court general equity jurisdiction). See *Iodence v. Potmesil,* 239 Neb. 387, 476 N.W.2d 554 (1991), which interprets § 24-517(4) in that regard. Therefore, § 25-2706 merely gives a county court the mechanics to transfer to a district court any case pending in the county court when that court lacks jurisdiction to hear it.

■ Of course, there is nothing wrong with a party pointing out to a court that that court is probably without jurisdiction. However, § 25-2706 states that a county court shall certify the proceedings, but the statute does not purport to give a party the power to transfer a case from county court to district court when that party alleges the county court lacks jurisdiction. At the very least, the records of the district court in the instant case do not show that the county court attempted to divest itself of jurisdiction. Therefore, even if we were to assume that the county court was without jurisdiction, the record does not show that the district court properly acquired jurisdiction by a proper transfer.

■ It is clear that a county court cannot remove the case off of its docket under § 25-2706 without an order evidencing transfer to the district court, or otherwise dismissing the case. These procedural matters alone would require a holding that the district court did not acquire jurisdiction.

■ It is axiomatic that if a trial court lacks jurisdiction to adjudicate the merits of a claim, this court also lacks jurisdiction. *Richdale Dev. Co. v. McNeil Co.*, 244 Neb. 694, 508 N.W.2d 853 (1993). We would therefore be required to dismiss this appeal for lack of jurisdiction on a procedural basis. Notwithstanding our lack of jurisdiction, when a trial court lacks jurisdiction, this court still has the authority to direct the trial court without jurisdiction to vacate the judgment it entered without jurisdiction. *Kroll v. Department of Motor Vehicles*, 256 Neb. 548, 590 N.W.2d 861 (1999).

We find a further and more fundamental reason why we think the case was not properly transferred to district court is because the case clearly is not an equity action. This is simply an action at law against Fry and Batterton to collect money for services rendered. The county court clearly has jurisdiction of this $403 lawsuit.

■ "Whether the nature of an action is legal or equitable is to be determined from its main object, as disclosed by the averments of the pleadings and relief sought." *White v. Medico Life Ins. Co.*, 212 Neb. 901, 902, 327 N.W.2d 606, 608 (1982). In *White*, the Supreme Court held that when a case presents an action at law, it will be reviewed as an action at law, notwithstanding the fact that the parties briefed the appeal as one in equity.

■ In *Central Sur. & Ins. Corp. v. Atlantic Nat. Ins. Co.*, 178 Neb. 226, 132 N.W.2d 758 (1965), the Nebraska Supreme Court addressed the application of equity standards as opposed to the application of law standards. The court observed that the relief sought by both parties was a money judgment and said, "Where none of the extraordinary powers of a court of equity are required in order to give either party the relief he seeks, and a court of law can afford complete relief, the action is one at law." *Id.* at 228, 132 N.W.2d at 760.

■ As indicated above, where a plaintiff seeks only a judgment for money, the case is clearly one at law. The powers of a court of equity are not necessary to collect money. We realize that certain expressions and perhaps different meanings of the term "equity" have caused confusion among many members of the bar as to whether a given action is one in equity or one in law.

Equitable is defined as "characterized by equity or fairness; just and right; fair; reasonable: *equitable treatment of all citizens.*" Webster's Encyclopedic Unabridged Dictionary of the English Language 482 (1989).

Equity is defined as:

> [T]he quality of being fair or impartial; fairness; impartiality . . . . that which is fair and just. . . . the application of the dictates of conscience or the principles of natural justice to the settlement of controversies. . . . a system of jurisprudence or a body of doctrines and rules developed in England and followed in the United States, serving to supplement and remedy the limitations and the inflexibility of the common law. . . . an equitable right or claim.

*Id.*

These definitions show how the cases below use the above-defined terms in their generic form and not for the purpose of conveying that the action is truly one for a court of equity.

The following excerpts are quoted from Nebraska case law to emphasize where this court or the Nebraska Supreme Court said that an action was based on equitable grounds, but the court either expressly or without discussing the question considered a recovery based upon the theory of quantum meruit or unjust enrichment in a law action.

The theory of quantum meruit is premised on the existence of a contract implied by law. *Tobin v. Flynn & Larsen Implement Co.*, 220 Neb. 259, 369 N.W.2d 96 (1985). An action sounding in contract is an action at law. *Bachman v. Easy Parking of America*, 252 Neb. 325, 562 N.W.2d 369 (1997); *Nebraska Pub. Emp. v. City of Omaha*, 247 Neb. 468, 528 N.W.2d 297 (1995).

*Tracy v. Tracy*, 7 Neb. App. 143, 147, 581 N.W.2d 96, 101 (1998).

Generally, the principle of quantum meruit is a contract implied in law theory of recovery *based on the equitable doctrine that one will not be allowed to profit or enrich oneself unjustly at the expense of another. . . .*

Where benefits have been received and retained under circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the recipient to pay the reasonable value of the services.

(Emphasis supplied.) *Id.* at 148-49, 581 N.W.2d at 101.

In its second amended petition Professional Recruiters alleged unjust enrichment, or quasi-contract, in the alternative to its express contract theory. A plaintiff is permitted to plead both express contract and quasi-contract in the same petition. . . .

". . . Nebraska clearly recognizes cases based on causes of action on both a quantum meruit theory and an express contract. . . ."

. . . .

" 'A quasi contract is a contract implied in law and usually has its origin in the principle that a person shall not be allowed to enrich himself unjustly at the expense of another.' " . . . "It has been said that where benefits have been received and retained under such circumstances that it would be *inequitable and unconscionable* to permit the party receiving them to avoid payment therefor, the law requires the party receiving and retaining the benefits to pay their reasonable value."

(Emphasis supplied.) *Professional Recruiters v. Oliver*, 235 Neb. 508, 514-15, 456 N.W.2d 103, 107-08 (1990).

■ The purpose for setting forth the above authority is that notwithstanding the terminology that quantum meruit and unjust enrichment are equitable doctrines, the mere fact that recovery is sought under them does not change a suit for money into an action in equity. That is not to say that in a given case, the doctrines might not be applied in an equity case, but only that their application does not make a case one in equity.

We therefore conclude that the instant case was not certifiable to the district court, that the district court did not acquire jurisdiction of the case, and that all orders issued by it in the case appealed from are void. We therefore dismiss this appeal for lack of jurisdiction and remand the cause to the district court with directions to vacate its judgment and return the case to the county court for further proceedings. The parties' motions for attorney fees are denied.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.