ARNOLD, Circuit Judge,
dissenting.
I respectfully disagree with the court’s conclusion that the courts of the State of Nebraska would not recognize a claim for unjust enrichment in the circumstances of this case. The law of restitution, as the court seems to recognize, is well established in Nebraska. Generally speaking, restitution is available whenever a person acquires a benefit that in justice he or she ought not to retain. Ahrens v. Dye, 208 Neb. 129, 133, 302 N.W.2d 682, 684-85 (1981). The generality of this principle may account for the court’s reluctance here to entertain this suit, but in truth the principle is not unbounded and there are well-defined and well-developed categories into which claims for restitution fit. One of those is when a person wrongfully uses the property of another for profit. See Restatement (Third) of Restitution and Unjust Enrichment § 40 (Tentative Draft No. 4, 2005). Nebraska law specifically recognizes, moreover, that in a proper case a person who is unjustly enriched must disgorge the profits produced by the wrongful act that he or she committed. See Trieweiler v. Sears, 268 Neb. 952, 979, 689 N.W.2d 807, 834 (2004).
These are the principles, well established in Nebraska law, that the plaintiff *765 seeks to have applied to her case. She claims that the defendant has wrongfully used her property and that allowing them to keep the gains that they realized from their tort would unjustly enrich them. There is nothing particularly exotic or radical about this claim. It is true that no Nebraska court has recognized a claim that is the exact duplicate of the one raised here, but the present claim is constructed from the basic building blocks of the law of restitution, which is very much a part of Nebraska law. Our job is simply to apply the law that we believe the Supreme Court of Nebraska would apply in the circumstances. See Rucci v. City of Pacific, 327 F.3d 651, 652-53 (8th Cir.2003); Williams v. Crews, 564 F.2d 263, 265 (8th Cir.1977). For the reasons given, I have no doubt that that court would recognize this claim.
The court notes, correctly, that the plaintiff cites no Nebraska case directly on point. But it is also true that the defendant does not point to any Nebraska case that rejects a claim like the plaintiffs. In fact, though the court acknowledges numerous cases from other jurisdictions that provide restitutionary relief in the present circumstances, it is highly suggestive that the court does not advert to a single instance in which a court turned away a similar claim. The reason for the lack of such authority, I believe, is that the plaintiffs case presents essentially a mine-run, routine restitutionary claim that calls for a relatively straightforward application of familiar legal principles. Another federal district court in Nebraska has correctly recognized this. See Schwan v. CNH Am. LLC, No. 4:04CV3384, 2006 WL 1215395, at *34 (D.Neb. May 4, 2006).
The court also points out that Nebraska courts provide an action of nuisance for damages in the present circumstances; but it is unclear exactly why the court thinks that the nuisance remedy would be exclusive. It is certainly not true, as the defendant repeatedly suggests in its brief, that restitution is an equitable remedy and therefore is available only when an action at law is not. Restitution is not an equitable remedy: It is part of the substantive law of obligations, like the law of tort and contract, and the Nebraska courts have recognized that it is in ordinary courts of law that restitutionary actions lie. See Collection Bureau of Grand Island, Inc. v. Fry, 9 Neb.App. 277, 282-84, 610 N.W.2d 442, 446-48 (2000). Nor is there any other principled reason why the mere existence of a nuisance remedy for damages should oust the plaintiff from her restitutionary remedy. Restitution is simply there at the plaintiffs option: She may waive the tort and sue for unjust enrichment. As Judge Posner has said, “Restitution is available in any intentional-tort case in which the tortfeasor has made a profit that exceeds the victim’s damages (if the damages exceed the profit, the plaintiff will prefer to seek damages instead).” Williams Electronics Games, Inc. v. Garrity, 366 F.3d 569, 576 (7th Cir.2004).
Though the availability of the restitu-tionary claim is plain enough, it is not altogether clear what remedy the Nebraska courts would provide in the present case. If an injunction would not have been issued under Nebraska law to enjoin the defendant’s emissions, it is likely that disgorgement of the profits realized from them would not be available as a remedy in this case. Instead, a Nebraska court might well enter a judgment in an amount equal to the reasonable cost of a license to trespass or commit a nuisance — the market price, in other words, of a so-called pollution easement. See Restatement (Third) of Restitution and Unjust Enrichment § 40, Illus. 14 (Tentative Draft No. 4, 2005); cf. Daniel Friedmann, “Restitution of Benefits Obtained Through the Appropriation of Property or the Commission *766 of a Wrong,” 80 Colum. L.Rev. 504, 531-32 (1980). This is a matter that the district court ought to explore on a more fully developed record.
For the reasons given, I would reverse the district court’s summary judgment on the plaintiffs unjust enrichment claim and remand for further proceedings.